### CLARKE *vs.* ALEXANDER & WRIGHT.

1. There is no merit in any of the exceptions taken in the motion for new trial to the charge complained of, or to the rulings alleged as error. The verdict is not only sustained, but required by the evidence.

2. There is nothing in the complaint that plaintiff in error had no notice of the rule against the defendants in error. He furnished evidence to answer the rule, was notified of the evidence taken to establish it, and was defended in the case by counsel.

3. Whether a witness in that case was incompetent on account of the death of another person, was a question which should then have been raised; there being no appeal from the judgment in that case, it must be presumed that the losing party was satisfied that it could not be disturbed.
4. The present suit being based on a contract of indemnity given to attorneys who were about to pay over money, and they having paid over all but a small amount, which they retained, erroneously supposing that it would meet a claim made upon them, and the client having given the contract of indemnity without insisting or claiming at the time that it was conditional, after loss by the attorneys, and upon the trial of the suit brought by them on the contract, there is no merit in the claim set up that the contract of indemnity was given upon condition that the attorneys should pay over the whole amount in their hands.
5. A letter which was *res inter alios acta* as to the plaintiffs, and was hearsay and dealt largely in matter of opinion, was properly excluded from evidence.
6. If an administrator, in order to collect money, saw fit to give his individual contract to indemnify attorneys who were about to pay it to him, against loss, he cannot complain that suit was brought against him as an individual. It is doubtful whether he could have bound the estate by such a contract.

November 6, 1883.

Contracts. Actions. Attorney and Client. Witness. Before Judge HARRIS. Coweta Superior Court. March Term, 1883.

To the report contained in the decision it is only necessary to add that the following were among the grounds of the motion for new trial:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court rejected a letter written by R. T. Fouche, one of the firm of Printup & Fouche, to Clarke, which was offered to show that Fouche considered that his firm should be paid out of the fee due to Mr Hill.

(3.) Because the court admitted in evidence a certified copy of the rule and judgment in the case of Printup & Fouche *vs.* Alexander & Wright, and the execution issued thereon.

(4.) Because the court refused a non-suit.

(5.) Because the court charged as follows: " If Wright & Alexander were notified by Messrs. Printup & Fouche, attorneys at law, to hold up their fee out of the money in their hands belonging to J. W. Clarke, as administrator of N. N. Smith, and if it appeared that Wright & Alexander were afterwards ruled, and the rule made absolute, and that execution issued, and they paid it off; and if it further appears that J. W. Clarke was notified of the pendency of the rule, and that after Wright & Alexander were ruled he promised to indemnify them if they would send him the money; and if it appears from the evidence that Wright & Alexander, relying on such promise, did send the money, then plaintiff ought to recover."

(6.) Because the verdict was wrong in this: J. W. Clarke could only have been bound as administrator, and not in his individual capacity, the jury having found their verdict against J. W. Clarke.

P. F. SMITH; J. S. BIGBY, for plaintiff in error.

L. H. FEATHERSTON; J. W. ALEXANDER, for defendants.

HALL, Justice.

Alexander & Wright brought suit against Clarke, upon an alleged undertaking of the latter to indemnify and save them harmless against a claim of Printup & Fouche to compensation due them as attorneys at law, in bringing into court a fund then in the hands of the said Alexander & Wright, likewise attorneys at law engaged in the same litigation.

It seems that Benjamin H. Hill, Esq., had been employed under a special contract, by one N. N. Smith, to collect for him two notes, amounting to a considerable sum, made by W. R. Smith, and by the terms thereof was to retain ten per cent of the sum collected, as " full compensation" for "all" his " services," " either with or without litigation."

Subsequent to the institution of these suits, the defendant died, and his widow set up a claim for dower, which gave rise to much litigation in Floyd superior court. Mr. Hill turned over these papers for collection to Alexander & Wright, who, with the assistance of Printup & Fouche, succeeded in realizing from this dower litigation $3,000.00, to be applied to this debt, which went into the hands of Alexander & Wright, who were notified by Printup &. Fouche of their lien upon this fund for professional services, and required to hold it up, that their claims on the same might be established and satisfied.

N. N. Smith had died, and Clarke had become his administrator. Alexander & Wright promptly informed him of the collection of this amount, and of the notice given them by Printup &· Fouche. They refused to recognize this claim of Printup & Fouche, and under the instructions of Clarke, suffered a rule to be taken against them. They retained one hundred dollars of the sum, which they supposed would be sufficient to satisfy Printup & Fouche, in the event they succeeded in their claim, and under Clarke's written promise to indemnify and save them harmless, they forwarded to him all the balance, for which he receipted them. They advised him that he could settle with Printup & Fouche for the amount retained by them; but this he declined, insisting that if they were entitled to compensation, it was due from Mr. Hill, who had, as he insisted, without authority, employed them. He corresponded with Mr. Hill, who informed him that he had authority from N. N. Smith to employ these parties. Alexander & Wright also notified him that they had been in· formed that Mr. Hill would swear to the employment by him of Printup & Fouche, to represent N. N. Smith in this dower litigation, and by his (Smith's) authority.

Alexander & Wright answered the rule brought by Printup & Fouche, and set up in their answer the facts furnished them by Clarke. Clarke knew of the pendency of this proceeding; he had been applied to for Mr.

Hill's contract, and furnished it, to enable Alexander & Wright to meet this demand. He was also informed by them of the crossing of certain interrogatories to be used on the trial of this rule. Before this matter had been disposed of, he employed Hamilton Yancey, Esq., to rule Alexander & Wright for the amount retained by them to meet the result of the issue of this case. Mr. Yancey did not move a rule against these parties, on account of the pendency of the other rule against them, but very properly represented his client's interest in that issue. On the trial of the rule in favor of Printup & Fouche, a much larger amount of this fund was found to be due them than the sum retained by Alexander & Wright, and the rule was made absolute against them for the amount thus found to be due. Execution issued against Alexander & Wright for the amount of this judgment, which they were compelled to pay.

Clarke refused compliance with his promise to indemnify and save them harmless, and they thereupon brought suit against him for the amount paid by them in excess of what they had retained to meet the judgment on the rule in favor of Printup & Fouche. On the trial of this case, Alexander & Wright obtained a verdict against Clarke for the difference between the amount they had retained and the amount they were compelled to pay out under the rule against them. Clarke moved for a new trial, on various grounds, which was refused by the court, and the judgment refusing a new trial is brought here by bill of exceptions and writ of error.

There is no merit in any one of the exceptions taken in the motion to the charge complained of, or the rulings alleged as error. The verdict is not only sustained, but required by the evidence. There is nothing in the complaint that the plaintiff in error had no notice of the pendency of the rule in favor of Printup & Fouche against the defendants in error. He furnished the evidence to answer the rule; was notified of the evidence taken to establish

the rule; was defended in it both by Alexander & Wright and by Mr. Yancey.

Whether Mr. Hill was an incompetent witness to prove the employment of Printup & Fouche, in consequence of the death of N. N. Smith, was a question that should have been made and passed upon on the trial of that issue, and there being no appeal from that judgment, it must be presumed that the party against whom it was rendered was satisfied that it could not have been disturbed. Clarke does not complain that he had no notice of it in time to have corrected any error that may have been committed on the trial. Every phase of the present case was fully and fairly submitted by the charge of the court to the jury.

There is nothing in the claim set up, that Clarke's promise to indemnify Alexander & Wright was upon condition only that they paid him the whole amount of money in their hands, and that they failed to comply with the condition by retaining a small portion of the same to answer the demand of Printup & Fouche; he received from them all except this trifling amount, and at that time, when, if ever, it should have been done, he neither intimated nor insisted upon any such understanding of his written promise to indemnify.

The letter from Mr. Fouche to Clarke was *res inter alios acta*, as to Alexander & Wright, was hearsay, and dealt largely in matters of opinion; therefore it was properly excluded as evidence in this case. Fouche was a competent witness, and if his evidence had been deemed important, he should have been examined.

The suit was properly brought against Clarke in his individual, and not in his representative, character. His undertaking was personal; perhaps he could not have bound the estate he represents by such an agreement, and the opposite party may have been unwilling to incur responsibility upon a promise that was to bind the estate. It does not lie in his mouth to complain that defendants

in error chose to rely upon his personal ability, and did not exact the additional security he offered.

Judgment affirmed.