## WINDSOR vs. CRUISE.

1. After two or more concurrent verdicts, the evidence is to be taken by a reviewing court, whether on *certiorari* or writ of error, most strongly in favor of the prevailing party.
2. A loan attended with a continuous offer of sale at a fixed price, may be converted into a sale at any time before the offer is withdrawn. And a sale by the borrower to a third person signifies that the offer is accepted.

November 29, 1887.

Verdict. Evidence. Sales. Title. Trover. Before Judge HUTCHINS. Gwinnett Superior Court. September Adjourned Term, 1886.

Reported in the decision.

C. H. BRAND, for plaintiff in error.

F. F. JUHAN, for defendants.

BLECKLEY, Chief Justice.

In justice's court, the action was trover by the lender of an ox against a purchaser from the borrower. Three verdicts in favor of the defendant have been successively

set aside by the superior court on *certiorari*, the one now under review being the third. The evidence on the question of title, put in the best light for the verdict, was that when the loan was made, this ox was priced to the borrower at $15, with a continuing offer of sale at that price, if the borrower should decide to purchase; that the borrower did decide to purchase, but gave no notice of his election; that he sold the ox to the defendant before the period of loan had expired, and that the plaintiff got information of this sale, but did not then or previously withdraw the offer of sale which he had made at the time of the lending.

1. There seems to have been a great struggle over this ox; and no doubt our decision was predestinated from the foundation of the world to be a painful one, no matter which way we might make it; and the court must be excused for feeling regret that it has to decide the case either way; but the case has to be decided, and our conclusion is, that the jury, or the juries (for there were three of them), having passed upon it, ought to be yielded to; because there are two constructions to be put upon the facts, one of which will uphold the verdict, and the other not; and after such a protracted litigation, it seems to us that the construction of the evidence most favorable to the verdict ought to be accepted and abided by by the courts and the parties, and we decide accordingly.

After two or more concurrent verdicts, the evidence is to be taken by a reviewing court, whether on *certiorari* or writ of error, most strongly in favor of the prevailing party.

2. A loan attended with a continuous offer of sale at a fixed price, may be converted into a sale at any time before the offer is withdrawn. And a sale by the borrower to a third person signifies that the offer is accepted.

The lender called upon the borrower after hearing that the sale had been made, and had a very unsatisfactory interview with him. The borrower was in a great hurry, engaged in cultivating his cotton crop; but there was no

intimation at the time of any dissatisfaction with the sale, and then was the time for him to speak out if he had disapproved of the sale. He subsequently disapproved of it very emphatically, but did not use the first opportunity he had to give notice of his disapprobation; and even if he had, it is very doubtful if, under the circumstances, it would have prevented the title from passing. But at all events, he had an opportunity to signify his dissent after he got intimation of the sale, and did not do it. Doubtless he thought himself justified by the conduct of the other party in not being very specific, but the juries have considered that he ought to be held to this sale, and we think so too.

Judgment reversed, on the ground that the court erred in sustaining the *certiorari* the third time.