## COOPER *et al.*, administrators, *v.* CHAMBLEE.

1. In order to properly present for decision by the Supreme Court the question whether or not error was committed in admitting given evidence, it must appear that objection was made to it and passed upon by the court at the time it was offered, and also what the objection was.

2. A motion to dismiss a petition being in the nature of a demurrer, a refusal to sustain the same affords no cause for granting a new trial.

3. A surety on a contract which does not on its face disclose the fact of his suretyship may, without paying in full the joint debt, but upon paying, either before or after judgment, a portion only thereof, maintain against a cosurety, for the purpose of compelling contribution, the statutory proceeding for having such fact entered of record ; and where such a proceeding is instituted after judgment, it is not essential for the petitioner to show that the execution issued thereon has been assigned to him.

4. The evidence was amply sufficient to support the verdict returned in the present case.

Argued October 9, — Decided November 7, 1901.

Application to make proof of suretyship. Before H. P. Bell, judge pro hac vice. Hall superior court. July term, 1901.

*S. C. Dunlap, G. H. Prior, F. M. Johnson,* and *W. R. Hammond,* for plaintiffs in error.

*M. L. Smith, H. H. Perry,* and *H. H. Dean,* contra.

LUMPKIN, P. J. At the October term, 1899, this court granted a new trial in the case of the administrators of A. R. Cooper against George L. Chamblee. See 109 *Ga.* 32. At the next hearing in the court below, another verdict in favor of Chamblee was returned. The case is here again in the name of W. H. Cooper and R. N. Pirkle, administrators of A. R. Cooper, as plaintiffs in error, against Chamblee, upon a bill of exceptions alleging error in refusing to grant the administrators another new trial.

1. Several grounds of the motion allege error in admitting evidence, without stating what objections were made to the same at the time it was offered. These grounds present nothing for consideration by this court. *Frey* v. *Macon Sash, Door & Lumber Co.,* 112 *Ga.* 242.

2. The motion also complains that the court erred in refusing to dismiss the plaintiff's application on specified grounds of objection thereto. Whether this motion, abstractly considered, was, or was not, meritorious, the overruling of it does not constitute a good ground for a new trial. *Cleveland* v. *State,* 109 *Ga.* 265. This is too obvious for discussion.

3. Another ground of the motion is, in substance, a complaint that there was not sufficient evidence to support the verdict, because there was no proof that the execution against A. R. Cooper, J. M. Chamblee, and George L. Chamblee had been transferred to the said George L., or that he had paid the same. It was not, under the statute (Civil Code, §§ 2985 – 2989), essential for George L. Chamblee, as a condition precedent to having the fact of his surety-ship adjudicated, to show either of these things. As to this branch of the case, he was entitled to the relief sought upon his making it appear that he had paid a part of the debt, either pending the action or after the rendition of the judgment (Civil Code, § 2989), and he proved unequivocally that he had in fact paid a considerable portion of it.

4. In the remaining grounds of the motion for a new trial it is alleged that the verdict was contrary to law and the evidence. These grounds were not well taken, for the evidence in behalf of Chamblee was amply sufficient to warrant the verdict which was returned in his favor.

*Judgment affirmed. All the Justices concurring.*