### WHELCHEL *et al.* v. POOR.

SIMMONS, C. J. Where a motion for a new trial was made in term and an order was taken setting the case for a hearing on a particular day thereafter, and on that day another order was taken continuing the case until a named day (being the day on which court opened in another county) "to be heard the first week of court," and the motion for a new trial and the brief of evidence were not presented to the judge until the week thereafter, no order having been taken to continue the case, the judge, under the decision made in *Atlanta etc. Ry. Co.* v. *Strickland*, 114 *Ga.* 998, had no jurisdiction to hear or determine the motion. As he assumed jurisdiction and granted a new trial, his judgment must be

*Reversed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued October 7, — Decided October 30, 1902.

Motion for new trial. Before Judge Estes. Lumpkin superior court. January 31, 1902.

*H. H. Dean,* for plaintiffs in error.
*Howard Thompson* and *Spencer R. Atkinson,* contra.

---

### TILLEY *v.* McJUNKIN *et al.*

FISH, J. 1. "In order to properly present for decision by the Supreme Court, the question whether or not error was committed in admitting given evidence, it must appear that objection was made to it and passed upon by the court at the time it was offered, and also what the objection was." *Cooper* v. *Chamblee*, 114 *Ga.* 116.

2. In view of the evidence introduced on the trial, the court below did not abuse its discretion in declining to set aside the finding of the jury.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued October 7, — Decided October 30, 1902.

Complaint for land. Before Judge Estes. Habersham superior court. March 7, 1902.

*Robert McMillan* and *J. C. Edwards,* for plaintiff.
*J. B. Jones,* for defendants.