### 4313. HORNSBY v. JENSEN.

1. The writing purported to be a receipt given by one who was not a party to the issue pending, and who was a competent witness. It was therefore mere hearsay and not admissible in evidence.
2. Since the evidence was strongly conflicting, and error in the admission of illegal evidence is presumptively injurious to the losing party, the discretion of the judge of the superior court in sustaining the certiorari and ordering a third trial will not be controlled.

DECIDED MAY 20, 1913.

Certiorari; from Fulton superior court—Judge Pendleton. May 23, 1912.

*Joseph W. & John D. Humphries, W. F. Phillips,* for plaintiff.
*Lowndes Calhoun,* for defendant.

RUSSELL, J. The plaintiff in error insists that the judge of the superior court erred in sustaining the certiorari, and in thereby setting aside a second consecutive verdict in his favor. It is, of course, well settled that after two or more consecutive verdicts, the evidence is to be taken by the reviewing court, whether on certiorari or writ of error, most strongly in favor of the prevailing party. *Windsor v. Cruse,* 79 *Ga.* 635 (7 S. E. 141). In *Harrigan v. Savannah &c. Railway Co.,* 84 *Ga.* 793, it was held that the court erred in setting aside the verdict in favor of the plaintiff, because no reversible error was committed on the trial, and the evidence supported the verdict; but that was the third verdict in the plaintiff's favor. In the instant case the judge of the superior court sustained the petition for certiorari and remanded the cause for a third trial; and while the judge did not assign any special reason for the judgment, it is plain that another trial was granted because of the admission in the justice's court of certain testimony which he deemed to be prejudicial to the defendant's right to a fair and legal trial. Two questions, therefore, are presented by the writ of error: (1) Was the evidence as to the receipt (to which timely objection was offered in the justice's court) an error? and (2) if so, was it such an error as required or authorized the grant of a third trial of the case?

1. As was said in *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771 (62 S. E. 533), "It has long been the rule in this State, when the admissibility of evidence is doubtful, to admit it and leave its weight and effect to be determined by the jury." If the trial court is in doubt as to the admissibility of certain evidence, the safer rule always is to admit it. But in the present case it seems to be clear that the testimony to which the defendant in the lower court objected was inadmissible. Personally, we are inclined in every case to approve the opening of every avenue to truth, and letting in of all the light, however feeble or brilliant it may be, which can illumine the issue; but under the well-considered rulings of the Supreme Court in *Printup* v. *Mitchell,* 17 *Ga.* 558, and `Clarke` v. *Alexander,* 71 *Ga.* 505, there can be no question that the justice's court erred in admitting (as corroborative of the testimony of the plaintiff, which was disputed and contradicted) what purported to be written evidence of the date of a payment as evidenced by an alleged receipt of a third person who was not a party to the cause. If the receipt was given by the printer on the day alleged, he was a competent witness to that fact, while the receipt itself was nothing more than hearsay reduced to writing,—a statement of a competent witness, and yet not under oath. In the case of *Printup* v. *Mitchell,* supra, the Supreme Court held that the receipt of one McAmis, which stated that Printup had paid him $25 on account of a specific matter involved in the case, was properly excluded by the trial judge, for the reason that, McAmis himself being a competent witness, his receipt was hearsay. In *Clarke* v. *Alexander,* supra, a letter from Mr. Fouché to Clarke was held to be, as to Alexander & Wright, res inter alios acta and hearsay, and the ruling of the trial court in excluding it was approved upon the ground that Fouché was a competent witness. So in this case, as the printer was a competent witness, the receipt which he had given to Hornsby should have been excluded upon the objection offered thereto.

2. Being constrained to hold that it was error on the part of the trial court to permit the introduction of the printer's receipt, we are not prepared to hold that the error was so slight that it should have been disregarded by the judge of the superior court, and that he should not have regarded it as of sufficient importance to warrant another trial. The issue between the parties was clearly de-

fined, and the evidence was strongly conflicting as to a vital point in the case. Writings are naturally regarded with such respect, and the contents of a genuine writing are generally considered so much more accurate and reliable than mere memory, that it can not be asserted as a fact that the writing which corroborated the plaintiff as to the date when he had the cards printed did not throw the scales in his favor in this close case. Though, as a general rule of law, hearsay has no probative value, this principle is likely to be overlooked by a jury when the court permits the introduction of such testimony. And when hearsay is admitted after an objection thereto has been overruled in the jury's presence, the jury, in obedience to the ruling of the court, is compelled to consider it. In any case in which hearsay is admitted over objection, and the court gives no specific instruction as to its application as an exception to the general rule, the jury may fail to properly classify it and may treat it as competent evidence.

We find no error in the judgment of the superior court sustaining the certiorari and ordering a new trial. The introduction of incompetent evidence is erroneous, and ordinarily the error must be presumed to have injured the losing party. Hence it can not be held that the judge of the superior court erred in setting aside even a second concurrent verdict and ordering a trial, in which an error which may have controlled and must have influenced the previous finding of the jury will not enter.          *Judgment affirmed.*