### 9791. SMITH *v.* THE STATE.

1. Under previous decisions, several exceptions to rulings on admission of evidence present no question for consideration.
2. An abandoned exception calls for no decision.
3. The preliminary evidence was sufficient to authorize the admission of testimony relating to dying declarations. If there was any error in this respect, it was not material in the circumstances.
4. Under the evidence it was not error to give in charge to the jury the law relating to voluntary manslaughter.
5. The verdict was authorized by the evidence.

DECIDED NOVEMBER 16, 1918.

Conviction of manslaughter; from Jasper superior court—Judge Park. April 30, 1918.

*W. H. Key, A. S. Thurman,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

BLOODWORTH, J. 1. Grounds 4 and 5 of the motion for new trial can not be considered by this court, because it does not appear in the former that any objection was made to the admission of the evidence and passed upon by the court at the time the evidence was offered. *Cooper* v. *Chamblee,* 114 *Ga.* 116 (39 S. E. 917); *Tilley* v. *McJunkin,* 116 *Ga.* 426 (42 S. E. 741); *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (92 S. E. 28), and cases cited. Ground 5 can not be determined without reference to other parts of the record. "No ground of a motion for new trial which is not complete and understandable without resorting to an examination of the brief of evidence or the charge of the court will be considered as presenting a question for consideration by this court." *Southern Ry. Co* v. *Williams,* 19 *Ga. App.* 544 (4) (91 S. E. 1001).

2. Ground 6 of the motion for a new trial is specifically abandoned by plaintiff in error.

3. The admission of dying declarations is complained of in ground 7. If it could be said that the admissibility of these dying declarations was doubtful, "It has long been the rule in this State, when the admissibility of evidence is doubtful, to admit it and leave its weight and effect to be determined by the jury." *Goodman* v. *State,* 122 *Ga.* 118 (49 S. E. 925), and cases cited; *Hornsby* v. *Jensen,* 12 *Ga. App.* 696 (78 S. E. 267). The preliminary evidence was sufficient to authorize the admission of these dying declarations, leaving it to the jury, under proper instructions, to determine if they were made in articulo mortis, and if the deceased was conscious of her condition. *Young* v. *State,* 114 *Ga.* 849 (2), 850 (40 S. E. 1000); *Dumas* v. *State,* 62 *Ga.* 59 (2). But if it be conceded that error was committed in admitting the testimony set out in this ground of the motion for a new trial, it was not such a material error as would authorize this court to grant a new trial; for practically the same evidence from another witness was before the jury. *Matthews* v. *Richards,* 19 *Ga. App.* 489 (2) (91 S. E. 914), and cases cited.

4. The defendant in his statement at the trial said that the deceased had cut him, and at the time he fired she was advancing on him with a knife. A witness swore: "I remember the night Ida Davis [the deceased] got shot. . . I went to the house after the shooting. . . . I did not see nothing there but a knife. Ida was lying there on the floor. The knife was open. It was about that far from her hand (indicating), right near her right hand." It was not shown that the knife was one likely to produce death. In the case of *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069), we find the following: "It is well settled by repeated rulings of the Supreme Court and this court, that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wynne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540). In the *Crawford* case, supra, the court strongly expresses itself on the subject as follows: 'When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of

which he is guilty, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining the several grades of homicide as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty.' In *Jackson* v. *State,* supra, the court uses still stronger language, and holds that 'where there is evidence sufficient to raise a doubt, however slight, upon the point whether the case is murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder.' " In *Tanner* v. *State,* 145 *Ga.* 72 (88 S. E. 555), the Supreme Court said: "The controlling question in the case is, whether the court should have charged the law of voluntary manslaughter. The rule is well settled that where under the evidence the law of voluntary manslaughter is applicable, it is the duty of the court to charge the law upon that subject. *Bell* v. *State,* 130 *Ga.* 865 (61 S. E. 996); *Strickland* v. *State,* 133 *Ga.* 76 (65 S. E. 148). If the evidence on behalf of the defendant be true, it showed an actual assault was committed upon him by the decedent with a weapon not shown to be such as would likely produce death, and that the homicide took place while that assault was in progress; and the law of voluntary manslaughter was involved, and it should have been given in charge to the jury. *Dennis* v. *State,* 93 *Ga.* 303 (20 S. E. 315); *Green* v. *State,* 124 *Ga.* 343 (52 S. E. 431). There was only one shot fired, and a witness for the accused testified that the defendant shot the decedent after having been assaulted with brass knucks. We can not say as a matter of law that brass knucks is a deadly weapon. There was no evidence tending to show that the knucks was a weapon likely to produce death. If the defendant killed the decedent to prevent the commission of a serious injury less than a felony upon his person, the crime would not be murder, but voluntary manslaughter." In *Dennis* v. *State,* 93 *Ga.* 303 (20 S. E. 315), it is said in the reporter's statement: "There was testimony for defendant, that deceased was assaulting him with his knife, and was advancing towards him at the time as he stood in the door of his own house, and that he suddenly seized a shotgun from the inside of the house and fired on deceased as the latter advanced." The decision in that case is as follows: "As the evidence in behalf of the accused, if true, showed that an actual assault was committed upon

him by the deceased, and that the homicide took place whilst that assault was in progress, the law of voluntary manslaughter was involved in the case, and it was error not to give it in charge to the jury." Under the foregoing rulings, as the evidence in the instant case did not show that the knife used by deceased was a weapon likely to produce death, the court did not err in charging the jury on voluntary manslaughter.

5. The verdict was authorized by the evidence; and the judgment must be

Affirmed. <em>Broyles, P. J.,</em> and <em>Harwell, J., concur.</em>