## 17708.  SIMS *v.* THE STATE.

The testimony as to what was said in conversation between the accused and his wife was admissible against him.

The testimony as to statements made by the accused after his arrest was admissible.

The evidence authorized the verdict.

DECIDED JANUARY 11, 1927.

---

Criminal Law, 17 C. J. p. 255, n. 53; p. 270, n. 16; p. 358, n. 52.
Witnesses, 40 Cyc. p. 2377, n. 98.

Burglary; from Butts superior court—Judge Persons. October 16, 1926.

*T. J. Ripley,* for plaintiff in error.

*Frank B. Willingham, solicitor-general,* contra.

LUKE, J. 1. The accused was convicted of burglary. The first ground of the amendment to the motion for a new trial is as follows: "On the trial of said case the court erred in admitting the following evidence over the objection of movant's attorney, to wit, L. P. Higgins testified for the State, 'My partner and myself and Mrs. Sims went to the home of the defendant, Robert Sims, the man on trial, and arrested him. As to why I was arresting him, I told the defendant that his wife came down to the police station and told me that she was tired of living with him, and they had broke into a place here (Jackson, Ga.) and several places and stole gold, and she would go and sell it, and he would make her bring the money back to him, and she didn't get her share out of it, and said that she wanted to go and arrest him, and she was willing to take what punishment was put on her, that she was sick of it, that she was equally guilty with him, but that she was willing to go to the penitentiary, as he wouldn't work.' His statement then was that he looked at her and said, 'Lucile, what in the world did you do this for?' and she said, 'Well, they have got me too,' and he said, 'Well, I never would have thought that you would ever have done this;' so he got in the Ford and started to police station with them, and he was sitting next to her. He says, 'I wouldn't have thought that of you. What do you mean, after we have been living together two years and you turn me up this time?' So we come on down to police station, and this fellow here, I was talking to him a day or two after that, he says, 'Well, you won't be able to convict me, because there is nobody to swear against me except my wife.' And he says, 'She can't swear against me or for me; and besides, I have been to Milledgeville and I am crazy, and they won't do nothing with me.'" (The ground sets out the reasons why this evidence was inadmissible and should have been rejected.) The court did not err in admitting the testimony. It was admissible, as being a conversation between husband and wife which was heard by a third person. "A conversation between husband and wife, though intended to be confidential, may, whenever relevant, be proven by one who overheard

it." *Knight* v. *State,* 114 *Ga.* 48 (39 S. E. 928, 88 Am., St. R. 17); *Williams* v. *State,* 139 *Ga.* 591 (77 S. E. 818); *Nunn* v. *State,* 143 *Ga.* 451 (85 S. E. 346).

2. The sheriff's testimony (objected to in the 2d special ground of the motion) as to statements made to him by the accused was relevant to the issue involved, and admissible for what probative value it might have. Portions of it were favorable to the accused and pointed to his innocence of the crime charged.

3. The 3d special ground of the motion, pertaining to the defendant's sanity, is without merit. As therein stated it is but an enlargement upon the general grounds. The record shows that "the defendant was introduced by physical profert," and, this being true, the jury had an opportunity, from seeing him · and hearing the evidence adduced, to pass upon the question of his sanity.

4. The evidence was sufficient to convict, and the record discloses no reversible error of law.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*