## 18826. RAY v. THE STATE.

BROYLES, C. J. 1. "On the trial of a husband charged with a crime, conversations between him and his wife, when relevant, may be testified to by one who overheard them." *Hudson* v. *State*, 153 *Ga.* 695, 697 (113 S. E. 519), and cit. *Sims* v. *State*, 36 *Ga. App.* 266 (136 S. E. 460). If there be any contrary holding in *Wicker* v. *State*, 14 *Ga. App.* 665 (82 S. E. 58), that ruling must yield to the ruling of the Supreme Court in the *Hudson* case, supra. The conversation in the instant case was relevant and was properly admitted.

2. Conceding (but not deciding) that the admission of the testimony set forth in the second special ground of the motion for a new trial was error, the error does not require a new trial, since substantially the same testimony was elicited from another witness without objection.

3. Another ground of the motion for a new trial complains of alleged prejudicial statements made by the judge during the trial and in the presence of the jury. The ground, however, raises no question for the consideration of this court, since it does not appear that a motion for a mistrial was made.

4. Various excerpts from the charge of the court are assigned as error, and the charge as a whole is attacked as being "highly argumentative of the State's contentions," and as failing to set forth with equal particularity the contentions of the defendant. While some of the excerpts contain slight inaccuracies as to the contentions of the State, such inaccuracies, in the light of the entire charge and the facts of the case, do not require a new trial. The charge as a whole was clear and fair and was not subject to the criticisms made against the charge in *Griffin* v. *State*, 34 *Ga. App.* 526 (130 S. E. 368). In the instant case it is conceded in the record that the charge set forth all the legal contentions of the accused. However, the plaintiff in error contends that it "did not specify in detail the various facts upon which the defendant relied for acquittal," while it did set forth "not only the legal position of the State, but specified the various facts upon which the State relied and the conclusions from those facts upon which the State relied." Suffice it to say in this connection that the testimony for the State was voluminous and that no testimony was introduced by the defendant, he relying upon his statement to the jury. The court charged upon all the legal contentions of the accused; and if further detailed charges thereon were desired, written requests therefor should have been presented.

5. The charge upon the law of mutual combat was amply authorized by the evidence.

6. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed.* *Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1928. REHEARING DENIED JUNE 12, 1928.

*Shelby Myrick,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.