### 35957. ROZAR *v*. THE STATE.

TOWNSEND, J. 1. The word "woman" in Code § 26-5901 defining sodomy as "the carnal knowledge and connection against the order of nature, by man with man, or in the same unnatural manner with woman" must in the absence of statutory amplification be treated in its generic meaning as signifying "the female part of the human race; womankind." Webster's New International Dictionary, 2nd ed., unabridged (2). An examination of the record in *Hodges* v. *State,* 94 *Ga.* 593 (19 S. E. 758) shows that the word "man" was so treated, the catamite there being a child 3 years of age. That case was reversed on the general grounds, not on the theory that the child's age made the crime impossible but on the theory that penetration had not been proved. Accordingly, the fact that the evidence in this case shows the infant upon whom the crime was allegedly committed *per os* to have been a female between 6 and 7 months of age does not ipso facto render the verdict without evidence to support it. It is as logical that this crime may be committed on a person 6 months of age as on one 3 years old.

2. The first special ground of the amended motion for a new trial assigns error upon inadmissible hearsay evidence offered by the mother of the

infant that she had "heard of" the defendant "doing like that." Although an objection was made "as to what she heard", no ruling of the court was made or insisted upon, for which reason the objection must be treated as having been waived. *Cooper* v. *Chamblee*, 114 *Ga.* 116 (39 S. E. 917).

3. The discretion of the trial court in permitting a thorough and sifting cross-examination of a physician testifying as an expert witness will not be controlled unless abused. Code § 38-1705; *Lane Drug Stores* v. *Brooks*, 70 *Ga. App.* 878, 889 (9) (29 S. E. 2d 716). It was not error here for the court to permit the witness to answer a question as to whether he and the entire medical profession would necessarily disagree with the law as to what should be done with a man who commits sodomy by saying that some people who commit sodomy are insane and some of them are in their right mind, over the objection that the question was irrelevant and improper.

4. A conviction of sodomy can not be sustained where the evidence does not show penetration. *Hodges* v. *State,* supra; *Wharton* v. *State*, 58 *Ga. App.* 439 (198 S. E. 823). The evidence in the present case does not show whether or not there was a penetration within the meaning of that term as applied to sexual offenses prohibited by law. Penetration in this connection means insertion of the virile organ into the mouth or rectum and contemplates the insertion of the glans or virile end of the organ. That an infant was "nibbling" upon the defendant's penis does not show conclusively that the glans or any portion of it was inserted in the infant's mouth. It is just as reasonable that the child was nibbling at other points thereon, and however odious this may be, it does not constitute the penetration prohibited. Consequently, the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 11, 1956.

*H. G. Rawls, D. C. Crawford, Jr.,* for plaintiff in error.
*Maston O'Neal, Solicitor-General,* contra.

