111 Ga. App. 689 (1965)
143 S.E.2d 189
CAMERON
v.
THE STATE.
41302.
Court of Appeals of Georgia.
Argued May 4, 1965.
Decided May 13, 1965.
Ben S. Atkins, for plaintiff in error.
Lewis R. Slaton, Jr., Solicitor General, Carter Goode, J. Walter LeCraw, contra.
NICHOLS, Presiding Judge.
George Milton Cameron was convicted of burglary. The evidence showed that he was arrested while in possession of some of the stolen property within two hours of the time of the burglary. Thereafter, his motion for new trial, based on the usual general grounds and 13 special grounds was overruled and he now assigns error on such judgment adverse to him. Held:
1. Special grounds numbered 4, 12 and 13 complain of the admission of evidence but fail to set forth or refer to the evidence objected to. Such grounds are incomplete and present nothing for decision. See Hill v. State, 110 Ga. App. 631 (1) (139 SE2d 450), and cases cited.
2. The special grounds numbered 5, 6, 7, 8 and 11 complain of *690 the admission of evidence over objection but fail to set forth the ground of objection made at the time the evidence was offered. Such grounds are incomplete and present nothing for decision. See Luke v. State, 183 Ga. 302 (1) (188 SE 542), and citations.
3. A ground of a motion for new trial complaining of the abridgment of the right to a thorough and sifting cross examination "because . . . [the State's] . . . objection was to the effect that `that is not the way [to] impeach a witness,'" but which shows no ruling of the trial court, presents nothing for decision. See Cooper v. Chamblee, 114 Ga. 116 (39 SE 917); Rozar v. State, 93 Ga. App. 207 (2) (91 SE2d 131). Accordingly, special ground numbered 9 of the defendant's motion for new trial shows no harmful error.
4. A ground of a motion for new trial which complains of remarks or comments made by the judge during the progress of a trial but which fails to show any objection or motion for mistrial is incomplete and presents no question for decision. See Clifton v. State, 187 Ga. 502, 509 (2 SE2d 102); Perdue v. State, 135 Ga. 277 (69 SE 184); Morris v. State, 185 Ga. 67 (194 SE 214). Accordingly, special ground 10, if considered approved by the trial court, shows no ground for reversal.
5. Special grounds 14 and 15 of the amended motion for new trial are mere amplification of the usual general grounds and will not be considered separately.
6. "The failure of the court to charge on the subject of expert testimony was no cause for new trial, there having been no request for a charge on that subject." Godwin v. Atlantic C. L. R. Co., 120 Ga. 747 (6) (48 SE 139).
7. Recent possession of stolen goods not satisfactorily explained is sufficient to authorize a verdict of guilty in a burglary case. Ash v. State, 109 Ga. App. 177 (4) (135 SE2d 507); Jackson v. State, 111 Ga. App. 192 (141 SE2d 177). The evidence authorized the verdict and the trial court did not err in overruling the defendant's amended motion for new trial for any reason assigned.
Judgment affirmed. Eberhardt and Pannell, JJ., concur.