### 61168. HENDRICKS v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was convicted of robbing one of the Majik Market convenience stores by holding up the cashier. This witness, a college student, telephoned in after receiving a subpoena to ascertain the time of trial and to inform the district attorney's office where she could be reached on the campus. At the time her presence was needed efforts of the district attorney's office to contact her had not succeeded, due, among other things, to the fact that her telephone

was out of order. Counsel for the state informed the court. The judge granted an early noon recess, explaining to the jury that from what the district attorney had told him the delay of the witness was not wilful and that she had been sent for but not arrested. Appellant contends this remark unduly bolstered the credibility of the witness. We do not agree. The inhibition of Code § 81-1104 forbids the judge to express an opinion as to what has been proved or as to the guilt of the accused. The explanation of the witness' tardiness falls in neither of these categories. It was at most an explanatory remark, of a kind which has frequently been held not to be harmful: for example, that the judge thought certain evidence applicable *(Bowden v. Achor,* 95 Ga. 243 (6) (22 SE 254) (1894)) or did not see the use of it *(Chattanooga, R. & C. R. Co. v. Palmer,* 89 Ga. 161 (2) (15 SE 34) (1892)). As to judicial comments on testimony see *Patterson v. State,* 138 Ga. App. 290 (6) (226 SE2d 115) (1976). Further, if the appellant had wished to preserve this statement as a ground for appeal he should have moved for a mistrial at the time. *Ray v. State,* 38 Ga. App. 202 (3) (143 SE 603) (1928); *Sides v. State,* 213 Ga. 482 (2) (99 SE2d 884) (1957).

2. In the *Sides* case, supra, a case which involved a death penalty, it was held error to allow the jury to only hear the reading of other capital indictments on which the defendant on trial was being arraigned. That situation is not at all like the one complained of here, where the jury merely heard an unrelated jury bring in guilty verdicts as to crimes of an unconnected defendant. This is a common and time saving procedure in courts where more than one jury is occupied, each with a separate trial at the same time. No error appears.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED MARCH 2, 1981.

*Donald J. Stein,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wallace Speed, Margaret V. Lines, Assistant District Attorneys,* for appellee.