## 37788. HENDRICKS v. STYNCHCOMBE et al.

GREGORY, Justice.

Petitioner Tyrone B. Hendricks, was convicted of armed robbery and sentenced to serve twenty years in the penitentiary. His conviction was affirmed by the Court of Appeals in *Hendricks v. State,* 157 Ga. App. 715 (278 SE2d 453) (1981). Petitioner's petition for a writ of habeas corpus was denied in April, 1981. We granted his application to appeal the denial of his petition for habeas corpus. We affirm.

Petitioner's sole enumeration of error is that he was denied effective assistance of counsel at trial in that his attorney refused him the opportunity to take the witness stand and testify in his own behalf. Petitioner avers that, had he been permitted to, he would have testified that he had conspired with the victim of the armed robbery to steal items from the Majik Market store; this, he contends, would have proved that he was not guilty of armed robbery, but guilty only of theft by taking and conspiracy.

Petitioner states that his attorney refused to allow him to testify because (1) "the closing argument was more important than [petitioner's] testimony" and (2) the attorney feared petitioner's history of prior convictions might come to light on cross-examination. Petitioner complains, however, that his right to closing argument was lost when his attorney attempted to introduce certain testimony at trial; further, petitioner asserts that he was willing to explain his prior convictions to the jury and to demonstrate to them that he had "changed."

At the hearing on the petition for habeas corpus, the court questioned petitioner's attorney at some length. The attorney admitted the right to closing argument was lost because he attempted to introduce certain testimony which would, allegedly, have cast doubt on the honesty of the proprietor of the Majik Market petitioner was convicted of robbing. Petitioner's attorney testified that he, nonetheless, continued to "strongly" advise petitioner to not take the witness stand "in view of [petitioner's] lengthy prior record of crimes which . . . had some similarity to armed robbery." The attorney testified that petitioner's prior record consisted of one conviction for armed robbery, two convictions of burglary, two convictions of motor vehicle theft, and separate convictions for kidnapping, aggravated battery, and aggravated assault. The attorney conceded that he and petitioner had a "basic disagreement" concerning petitioner's desire to testify, but that he was "confident" that he had left the final decision up to petitioner and that petitioner had ultimately "acquiesced" in his advice.

We noted in *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740) (1975) that under the ABA Standards, relating to the Administration of Criminal Justice (1974), "whether to testify in his own behalf" is a decision which is "to be made by the accused after full consultation with counsel." ABA Standards, The Defense Function § 5.2 (a) (iii), p. 127. We agree with the habeas court that the evidence presented authorized a finding that petitioner made the decision, albeit reluctantly, to not testify in his own behalf after full consultation with his attorney concerning the risks involved.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Marshall, Clarke and Smith JJ., concur.*

DECIDED SEPTEMBER 17, 1981.

*Robert L. Whatley,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys, Arthur K. Bolton, Attorney General,* for appellees.