## 67779. BOWENS v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury on a two-count indictment. Count I alleged that appellant had possessed marijuana with the intent to distribute it in violation of the Controlled Substances Act.

Count II alleged that appellant had violated the Controlled Substances Act by possessing more than one ounce of marijuana. A mistrial was granted as to Count I when the jury was unable to reach a verdict. A guilty verdict was returned as to Count II. Appellant appeals from the judgment of conviction and sentence entered on the verdict.

1. Although a mistrial was granted as to Count I of the indictment, appellant enumerates as error the denial of a pre-trial motion by which he had sought an order requiring the State to elect which one of the two counts on which it would proceed to try him. The argument in support of the motion was appellant's assertion that, at trial, the State would rely upon a single act of possession of marijuana as proof of both counts. In that event, according to appellant, only one conviction for that "same conduct" would ultimately be authorized, and, therefore, the State should be required to make its election between the two counts before proceeding with the trial.

We note at the outset that, although the "lesser" crime of possession of contraband may merge as a matter of fact into the "greater" crime of possession with intent to distribute that contraband, the two crimes are separate and distinct as a matter of law. "One penalizes possession to deter unauthorized persons from keeping such drugs. The other imposes penalties to deter unauthorized persons from [distributing] such drugs." *State v. Estevez*, 232 Ga. 316, 320 (206 SE2d 475) (1974). Moreover, the two crimes do not merge as a matter of fact if the evidence demonstrates that "a person intends to distribute only a designated part of [a quantity of contraband] which [is] possessed . . ." *Howard v. State*, 144 Ga. App. 208, 209 (240 SE2d 908) (1977).

Assuming without deciding that the evidence which was subsequently adduced at appellant's trial would not have authorized a conviction on both counts under *Howard v. State*, supra, the denial of appellant's pre-trial motion was nonetheless entirely proper. Under the relevant provisions of OCGA § 16-1-7 (a) (1), a *prosecution* is authorized for such multiple crimes as may be established by the "same conduct" of the accused. The only prohibition is against multiple *convictions* for such "lesser" crimes as may be included in a conviction for a "greater" crime which has been established by the "same conduct." See *State v. Estevez*, supra. Thus, the State was not prohibited from proceeding to prosecute appellant for all such crimes in which his single act of possession of a quantity of marijuana was an essential element. Accordingly, it was not error to deny appellant's pre-trial motion. Any question concerning whether appellant's instant conviction for possession of marijuana is a bar to his future prosecution for possession of marijuana with intent to distribute is premature. See *Bryant v. State*, 163 Ga. App. 872, 875 (2) (296 SE2d 168) (1982).

2. Appellant asserts that his right to a thorough and sifting cross-examination of one of the State's witnesses was abridged. The specific contention is that the trial court erroneously precluded appellant from attempting to impeach the witness through cross-examination concerning the inconsistencies between the witness' current testimony and a previous written but unsigned statement allegedly made by him.

Although a defendant is entitled to a thorough and sifting cross-examination of a witness against him, the scope of cross-examination is largely within the discretion of the trial court and will not be controlled unless there is an abuse of that discretion. See generally *Williams v. State*, 250 Ga. 664, 665 (300 SE2d 685) (1983). If appellant's objective was to impeach the witness, it does not appear that the trial court's disallowance of further cross-examination prevented appellant from doing so. The witness had previously testified, in essence, that he could not say whether he had made the unsigned statement about which appellant sought to cross-examine him further. That testimony constituted an effective denial by the witness that he had made the statement. See generally *Estill v. C & S Bank*, 153 Ga. 618 (4) (113 SE 552) (1922). Thus, assuming that it could be shown that the statement had in fact been made by the witness, the statement itself would have been admissible as impeaching evidence. Cf. *Martin v. State*, 135 Ga. App. 4, 6 (3) (217 SE2d 312) (1975). OCGA § 24-9-83 contemplates that "contradictory statements may be *proved* against" a witness. (Emphasis supplied.) However, no attempt to show authenticity was ever made, and the statement was never offered into evidence as the witness' product. Rather, after the witness had effectively denied making the statement, appellant attempted to cross-examine him further as to discrepancies between his current testimony and the prior statement that appellant had only attributed to him. Since there was no showing that the witness had made the prior statement and his authorship thereof stood denied, subjecting him to further cross-examination on the topic was clearly not a relevant inquiry into "contradictory statement previously made by *him* . . ." (Emphasis supplied.) OCGA § 24-9-83. Compare *Harden v. State*, 166 Ga. App. 536, 537 (3) (304 SE2d 748) (1983) (*admission* by witness that he had made a previous inconsistent statement authorizes further cross-examination and dispenses with necessity of seeking admission into evidence of statement itself.) The trial court did not err in refusing to allow continued cross-examination which would have had no impeaching effect. See *Etheridge v. Hobbs*, 77 Ga. 531, 532 (1) (3 SE 251) (1886).

3. Appellant asserts that the trial court erroneously refused to allow cross-examination as to the expert qualifications of a State's witness. "The discretion of the trial court in permitting a thorough

and sifting cross-examination of . . . an expert witness will not be controlled unless abused. [Cits.]" *Rozar v. State*, 93 Ga. App. 207, 208 (3) (91 SE2d 131) (1956). Our review of the relevant portions of the transcript demonstrates no abuse of discretion by the trial court in the instant case. See generally 3 Wigmore, Evidence, §§ 780, 781 (Chadbourn Rev. 1970); 3A Wigmore, Evidence, § 983 (Chadbourn Rev. 1970).

4. Appellant enumerates as error the admission into evidence of tape recorded conversations between himself and an undercover agent. A proper foundation was laid for the admission of the tapes. See generally *Ellis v. State*, 164 Ga. App. 366, 373 (15) (296 SE2d 726) (1982). Appellant contends that this evidentiary foundation was laid in a "perfunctory" manner. This court is concerned with the sufficiency of the evidence, not its weight. As noted above, the foundation was sufficient. Likewise, the trial court did not err in allowing the tapes to be played over appellant's objection that they were "garbled" and "almost unintelligible" in parts. "Where the proper foundation for admission of a taped conversation is laid and portions of the conversation are inaudible, it is within the discretion of the trial judge to admit the tape. [Cit.]" *Burke v. State*, 248 Ga. 124, 125 (281 SE2d 607) (1981).

5. Appellant moved for a mistrial when, during a bench conference with counsel for the State, the trial court inquired as to what the proper procedure would be in the event the jury wished to have the tapes replayed. The motion for mistrial was denied. Appellant contends the trial court's inquiry to the State's counsel gave "undue prominence" to the tapes and a mistrial should have been granted.

" 'It is not reversible error, under [OCGA § 17-8-55], for the judge, in discussing with counsel the admissibility of testimony, . . . the direction of a verdict, or similar matters in the progress of the trial, or in explaining his rulings upon questions of this nature, to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented or use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony.' [Cits.]" *Miller v. State*, 122 Ga. App. 553, 554 (3) (177 SE2d 838) (1970). It is obvious that the trial court's inquiry in the instant case was not violative of OCGA § 17-8-55. Moreover, in the charge to the jury, the trial court gave general curative instructions to the effect that nothing it had said or done was intended to intimate or suggest which side should prevail. At no time did the jury request that the tapes be replayed. It is thus clear that the trial court's inquiry did not have the effect of placing an undue emphasis on the tapes in the mind of the jury. The refusal to declare a mistrial was not error.

6. Appellant's final enumeration of error is the refusal to grant a mistrial "on the grounds of undue abridgement of his right of cross-examination, and upon further grounds of a pattern of judicial interjections tending to indicate hostility toward the appellant's case . . ." We are cited to no portion of the record wherein such a motion was ever made in the trial court. Portions of the transcript to which we have been cited reflect that actions taken and comments made by the trial court were within the exercise of its inherent supervisory power over the course of the trial. Moreover, the majority of the trial court's actions and comments occurred outside the presence of the jury. We find no error. See *Moret v. State*, 246 Ga. 5 (2) (268 SE2d 635) (1980).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1984 —
REHEARING DENIED JUNE 27, 1984 —

*William J. Murray, C. B. King*, for appellant.
*John R. Parks, District Attorney*, for appellee.

