A90A0717. NAJMAISTER v. THE STATE.
(396 SE2d 71)

SOGNIER, Judge.

Herman Najmaister was convicted of selling a Schedule I drug to an undercover officer in violation of the Georgia Controlled Substances Act, and the trial court authorized this out of time appeal.

1. Appellant enumerates as error two matters that arose during voir dire: the denial of his mistrial motion made in response to the trial judge's comment upon excusing a police officer for cause, and the court's failure to exclude a juror for cause.

(a) After excusing for cause a jury panel member who was a sworn police officer, the trial judge commented in the presence of the panel that he had no discretion in the matter because of a prior appellate ruling, and that he disagreed with that ruling of the appellate

court. Appellant contends this comment improperly bolstered the credibility of law enforcement officers, which was harmful error here because the State's case rested on the testimony of the undercover officer. We do not agree. Although "[i]t is error for any judge in any criminal case . . . to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused," OCGA § 17-8-57, the comment challenged here did not constitute a statement of opinion either as to proof or as to guilt, and thus did not impermissibly bolster any witness' credibility. See *Hendricks v. State*, 157 Ga. App. 715, 716 (1) (278 SE2d 453) (1981). "While it is better practice, during the trial of cases, for the court and counsel not to make references to . . . the reviewing courts except to cite their decisions as authority; yet the statement here . . . could in no wise be so construed as prejudicial to the accused, and the trial judge properly overruled the motion for a mistrial." *Bryant v. State*, 197 Ga. 641, 655 (8) (30 SE2d 259) (1944).

(b) Appellant contends a prospective juror should have been disqualified as mentally incompetent to serve. The transcript reveals that the juror was taking medication for a "nervous condition," and that she received disability income, apparently for a mental or emotional disability. The juror initially indicated that because of the medications she and her children were taking, she was somewhat uncomfortable with the idea of serving on a jury in a drug case, but in response to questioning from the court stated that she could concentrate on the proceedings provided she took her daily medication, and that she could be a fair and impartial juror.

The trial court must excuse for cause a juror who, upon objection by counsel and presentation of evidence, is shown to be "incompetent to serve as a juror because of mental illness or mental retardation." OCGA § 15-12-163 (b) (3), (c); see *Wall v. State*, 126 Ga. 549, 552-553 (3) (55 SE 484) (1906). Our review of the transcript discloses that the trial judge questioned the juror at length before deciding she was competent to serve. We cannot conclude that the trial court abused its discretion in finding this juror was mentally competent to serve. See *Wall*, supra at 553 (3); see generally *Robinson v. State*, 180 Ga. App. 248, 249 (2) (348 SE2d 761) (1986).

2. Appellant next contends the trial court improperly interfered with his due process rights by threatening to hold his trial counsel in contempt of court, thereby "chilling" the proceedings by intimidating his counsel. The transcript reveals that during his cross-examination of the undercover officer, GBI Special Agent James Tarvin, appellant's trial counsel raised a question concerning the officer's compliance with a pretrial order compelling disclosure of the identity of a confidential informant. After the attorneys disagreed about the existence of the order, with the assistant district attorney asserting that

no such order had been entered, the trial judge dismissed the jury. Counsel and the court then engaged in a protracted and somewhat heated discussion concerning the order, which was resolved when the judge discovered it in the record. During this exchange, the judge stated that he intended to bring contempt proceedings against appellant's trial counsel after the trial; however, while the jury was deliberating the next day, the trial judge informed counsel that he now understood what had caused the confusion and no longer planned to pursue a contempt citation.

While our review of the transcript did disclose some conflict between the trial judge and appellant's counsel on this matter, we find no evidence of prejudice against appellant. See *Dyke v. State*, 232 Ga. 817, 825 (209 SE2d 166) (1974). The trial judge's statements during this exchange occurred outside the presence of the jury, see *Bowens v. State*, 171 Ga. App. 364, 368 (6) (320 SE2d 189) (1984), and resulted from the confusion created when the two attorneys disagreed about what had transpired earlier in the case. "It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides. . . . Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. While another trial judge may not have conducted the trial of this case in the same way as this trial judge did, we do not agree the trial court interfered so as to deprive the appellant of a fair trial. [Cits.]" *Dyke*, supra. Accordingly, we find no error in the denial of appellant's motion for mistrial. See *Bowens*, supra.

3. Appellant objects to certain statements made by the prosecutor in his closing argument. Because appellant failed to raise any objection to the statements at the time they were made, he has waived his right to have this issue considered on appeal. *Williams v. State*, 191 Ga. App. 217, 218-219 (2) (381 SE2d 399) (1989).

4. Appellant's final enumeration of error concerns the trial court's failure to compel production of the GBI's confidential informant's personnel file in response to appellant's subpoena. A subpoena for the production of the GBI's file on the informant addressed to Special Agent Tarvin was served on Tarvin by appellant, but Tarvin did not produce the file, citing as his reasons a GBI policy prohibiting disclosure of such information and the fact that he was not the custodian of the file. Tarvin testified that he did not maintain the file, and that he had to obtain a key from a supervisor to view the file himself.

While we agree with appellant that the proper method for opposing a subpoena duces tecum is to file a motion to quash, OCGA § 24-10-22 (b) (1), and further agree that the trial court has the power to

compel compliance with a subpoena, OCGA §§ 24-10-25; 15-1-3, no harmful error occurred here because the evidence established that Tarvin, to whom the subpoena was addressed, was not the custodian of the file sought by appellant. *Muff v. State*, 254 Ga. 45, 49 (326 SE2d 454) (1985). Further, after appellant learned this, he made no effort to subpoena the proper person or to move for a continuance to do so. Id.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 12, 1990.

*Walter M. Henritze, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Joseph J. Drolet, Assistant District Attorneys*, for appellee.