## 54385. GILES v. THE STATE.

BIRDSONG, Judge.

Appellant Giles was convicted of child molestation and sentenced to serve six years. He brings this appeal enumerating three errors. *Held:*

1. In his first enumeration of error, appellant urges that the state did not prove guilt beyond a reasonable doubt. To the contrary, based upon the testimony of the child alone, we find that there was sufficient evidence to support the finding that the defendant was guilty of the crime of child molestation beyond reasonable doubt. *Decker v. State,* 139 Ga. App. 707 (229 SE2d 520) (1976); *Page v. State,* 120 Ga. App. 709 (2) (172 SE2d 207) (1969); *Ash v. State,* 96 Ga. App. 359 (2) (100 SE2d 149) (1957). This enumeration is without merit.

2. Appellant complains in the second enumeration of error that the trial court did not, sua sponte, charge the jury on the lesser included offenses of simple assault and simple battery. In regard to this enumeration, suffice it to say that appellant first of all denied the commission of any criminal misconduct and, secondly, did not request such instructions in writing. Under the evidence, appellant was either guilty as charged or not guilty at all. In view of his absolute denial of the commission of the crime and, in the absence of a written request for such instructions, the second rule of *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), declares the failure to give such charges to be without error. The Supreme Court further states that simple battery as defined in Chapter 26-13 of the Criminal Code of Georgia is not a lesser crime included in the crime of child molestation as defined in Chapter 26-20 (Sexual Offenses) of the Criminal Code of Georgia. It was not error for the trial judge to fail to charge the jury on the crime of simple battery. See also *Van Voltenburg v. State,* 138 Ga. App. 628, 631 (3) (227 SE2d 451) (1976).

3. In the final enumeration of error, appellant asserts that the trial court erred in denying his motion for a new trial based upon newly-discovered evidence. This evidence indicated that the child had told her father that the molestation did not occur, but did not amount to an actual recanting of the testimony by the five-year-old

victim. The other testimony reflected that the victim had made a similar charge against a schoolmate, which charge was not substantiated. The trial court correctly held that such evidence tended to impeach the prosecutrix and was not evidence of a nature to warrant a new trial. *Wanzer v. State,* 235 Ga. 226, 227 (219 SE2d 96) (1975) and cits. We conclude the trial court did not abuse its discretion in denying the motion.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted September 7, 1977 — Decided September 29, 1977 — Rehearing denied October 18, 1977 —

*Bobby Bearden,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Charles H. Weston, Assistant District Attorney,* for appellee.