## 54601. CAIN v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of child molestation by the commission of an immoral and indecent act. *Held:*

1. It is urged that the state failed to prove that the offense took place within the 4-year statute of limitation. The period of limitation runs from the commission of the offense to the date of the indictment. *Hall v. Hopper,* 234 Ga. 625, 626 (216 SE2d 839). The indictment alleged that the offense took place on September 4, 1976, and was dated October 19, 1976. The date of the offense need not be proved with preciseness, but only that it occurred during the period of limitation. *Pitts v. State,* 124 Ga. 79 (1) (52 SE 147). It may be established by circumstantial evidence. *Tipton v. State,* 119 Ga. 304 (1) (46 SE 436). Here, the

victim was eight years of age at the time of trial on December 8, 1976. She testified that an act which made out the crime was committed by defendant within her recent memory. This testimony, along with her testimony that defendant paid her for performance of an unnatural act and the testimony of the mother that the victim had a dollar that she had not given her daughter in September 1976, warrants the inference that the offense was committed within the statutory period. The evidence and all inferences drawn therefrom authorized the conviction.

2. The court ruled that the victim was a competent witness. No attempt was made by the defendant to question the victim as to her competency nor was objection made to the ruling as to witness competency. Absent an objection, error, if any, as to her competency was waived. *Colson v. State,* 138 Ga. App. 366 (5) (226 SE2d 154). The competency of a child as a witness is within the sound discretion of the court and its ruling will not be reversed absent an abuse of discretion. *Lashley v. State,* 132 Ga. App. 427, 429 (208 SE2d 200). We find no abuse here.

3. Defendant contends that the district attorney and court withheld material evidence offered by the victim's mother. There is no evidence that the state either had or withheld information. A post-trial affidavit of the victim's mother does not state that she told any facts either to the district attorney or to the trial judge, only that she told the judge's secretary that she did not believe the defendant should be sentenced. At the hearing on the motion for new trial the state requested that the witness be called to testify as to the "information" referred to in her affidavit and the defendant objected. Defendant cannot now be heard to complain.

4. On cross examination of defendant's character witness, it was shown that defendant had previously been convicted of burglary. No objection was made at the time and the lack of objection constitutes a waiver, regardless of whether or not the objection would have been valid if made. *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374).

5. It is contended that the trial court erred in failing to charge the jury that in order to convict they must find

that the offense was committed within four years prior to the return of the indictment. There was no request to charge. It was not error to fail to charge on this subject in view of the fact that there was no evidence that even suggests that the offense may have been committed at a time outside the statute. *Ridley v. State,* 66 Ga. App. 658 (19 SE2d 51)

6. The failure to charge on alibi is also without merit. At trial, defendant only denied commission of the crime and his wife testified that the victim had never been in defendant's home. The victim's testimony was that the offense took place at her home or at her grandfather's home. Thus, no impossibility of the defendant's presence at the scene at the time of the commission of the offense, as defined in Code Ann. § 38-122, was established and no charge on alibi was warranted by the evidence. *Kitchens v. State,* 209 Ga. 913, 914 (76 SE2d 618); *Parrott v. State,* 133 Ga. App. 931 (213 SE2d 77).

7. The sentence imposed, confinement for five years, was within legal limits and therefore not excessive.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED NOVEMBER 15, 1977 — REHEARING DENIED DECEMBER 5, 1977.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.