## 60483. LANDY v. THE STATE.

McMurray, Presiding Judge.

The defendant was indicted, tried and convicted of a violation of the Georgia Controlled Substances Act in that he did unlawfully sell marijuana to another. He was sentenced to serve a term of ten years, the first seven years of the sentence to be served in prison with the remaining three years to be served on probation to begin immediately upon his release from prison. The defendant appeals. *Held:*

1. Since enumerations of error and brief had not been filed in this case, counsel was notified under Rule 27 (a) (Code Ann. § 24-3627) and Rule 14 (Code Ann. § 24-3614) that same must be filed no later than 4:30 p.m., July 28, 1980, or the appeal would be dismissed. Whereupon, counsel advised that he had been relieved of his duties and would accept no responsibility for the appeal and that he had advised the defendant of the notice. The defendant pro se then filed a document setting forth the grounds upon which he was appealing the case. Although this document had been sent to the wrong address, it was still docketed in this Court on July 24, 1980. At this particular point in time counsel had not been relieved, but on August 7, 1980, the trial court dismissed him as attorney of record. This document was filed in this Court by the clerk of the trial court on August 11, 1980.

While the appeal is based upon the indigency of the defendant he has made no request for the appointment of other counsel. Accordingly, we proceed to consider the appeal based upon the grounds stated by the defendant.

2. At the time of the purchase the undercover agent was with an informant who advised him where to proceed in order to purchase the marijuana. Defendant contends herein that a request had been made that the informant be required to be present at trial. However, the record and transcript fail to disclose that any such request was made. Accordingly we find no merit in this complaint.

3. Defendant complains that venue was not properly shown. The testimony of the undercover agent who purchased marijuana from the defendant discloses that it occurred on January 8, 1980, in Albany, Georgia, on a certain street. This court will take judicial notice that Albany, Georgia is located in Dougherty County, Georgia, hence, there is no merit in this complaint. *Carter v. State,* 146 Ga. App. 681 (247 SE2d 191).

4. Defendant next contends that he was convicted based upon perjured testimony. No showing has been made that any of the testimony offered against the defendant amounted to perjury, and the defendant offered no witnesses in his behalf probably as a result

of the trial strategy of defendant's counsel. There is no merit in this complaint.

5. After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the unlawful sale of marijuana to the undercover agent. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916). The evidence was sufficient to authorize the conviction.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED SEPTEMBER 18, 1980.

David Landy, *pro se.*
*William S. Lee,* District Attorney, for appellee.

