71173. McLAMB v. THE STATE.

(337 SE2d 360)

McMURRAY, Presiding Judge.

Defendant was convicted of child molestation and brings this appeal enumerating three errors. *Held*:

1. In his first enumeration, defendant contends the State failed to prove the commission of an offense within the four-year statute of limitation. In criminal cases, the limitation period "runs (subject to special circumstances) from the time of the criminal act to the time of indictment." *Hall v. Hopper*, 234 Ga. 625, 626 (216 SE2d 839). See *Cain v. State*, 144 Ga. App. 249 (1) (240 SE2d 750). "The date of the offense need not be proved with preciseness, but only that it occurred during the period of limitation. *Pitts v. State*, 124 Ga. 79 (1) (52 SE

147). It may be established by circumstantial evidence. *Tipton v. State*, 119 Ga. 304 (1) (46 SE 436)." *Cain v. State*, 144 Ga. App. 249 (1), supra. The indictment was dated January 16, 1985. The victim, defendant's stepdaughter, was 11 years old at the time of trial. She testified that prior to moving into a "new house," the defendant went into her room at night and "rubbed" her "between [the] legs." At first, the defendant "rubbed" the victim through her underwear. On one occasion, defendant "rubbed" the victim inside her underwear. The victim could not state when these acts took place. She was able to testify, however, that after moving into the "new house" the defendant did something "like that" again. In the words of the victim: "He just rubbed . . . between my legs." The victim's mother testified (and the defendant admitted) that the family moved into the "new house" in July 1981. This evidence was more than sufficient to demonstrate that the offense occurred within four years of the date of the indictment. *Cain v. State*, 144 Ga. App. 249 (1), supra.

2. In his second enumeration of error, defendant asserts the evidence was not sufficient to support the verdict. We disagree. The child molestation statute (formerly Code Ann. § 26-2019, now OCGA § 16-6-4) is violated when a person "does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." The evidence and all inferences therefrom demonstrated that within four years of the indictment the defendant erotically touched the victim to arouse or satisfy his own sexual desires. The evidence was sufficient to enable a rational trier of fact to have found the defendant guilty beyond a reasonable doubt of the offense of child molestation. *Giles v. State*, 143 Ga. App. 558 (1) (239 SE2d 168); *Henry v. State*, 154 Ga. App. 120 (267 SE2d 653).

3. In his final enumeration of error, defendant contends the trial court erred in refusing to replace a petit juror with an alternate juror. On voir dire, no member of the jury answered affirmatively when the panel was asked if anyone knew the victim's grandmother, "Ann Crosby." Thereafter, the grandmother, Doris Ann Crosby, was called to the witness stand. After she testified, one member of the jury, Margaret Tullos, informed the court that although she did not recognize the victim's grandmother by name, she realized, upon seeing the grandmother, that she did, in fact, know her. (The victim's grandmother was a patient of the physician for whom the juror worked.) The court thereupon made inquiries concerning the impartiality of the juror. To these inquiries, the juror responded that she would not let the fact that she knew the victim's grandmother have any bearing upon her decision. Asserting that he would have used a peremptory challenge to strike Ms. Tullos if he had known during voir dire that she was acquainted with the victim's grandmother, defendant asked

the trial court to replace Ms. Tullos with the first alternate juror. This request was refused.

We find no error. First, the juror was not guilty of any misconduct. (It is apparent that the juror did not know the victim's grandmother by name and that as soon as the juror realized she knew the grandmother in a professional capacity she brought it to the attention of the court.) Second, the juror stated that she could remain impartial even though she knew the victim's grandmother. Under these circumstances, the trial court did not abuse its discretion by refusing defendant's request to replace Ms. Tullos with an alternate juror. *Jones v. State*, 247 Ga. 268, 269 (2) (275 SE2d 67); *Harbin v. State*, 165 Ga. App. 631 (1) (302 SE2d 386); *Geiger v. State*, 129 Ga. App. 488, 492 (2) (199 SE2d 861).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 3, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 — 

*Randall M. Clark*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson, Assistant District Attorney*, for appellee.