## 72231. PEAVY v. THE STATE.
(346 SE2d 584)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with one count of child molestation and one count of incest. He was found guilty as to both counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdict.

1. Appellant enumerates the trial court's denial of his motion for directed verdict as to the child molestation charge. Appellant urges that his motion should have been granted because the State's evidence failed to show that he had committed an act of child molestation against the victim within the applicable statute of limitations.

The crime of child molestation is a felony, and prosecution must be commenced within four years after commission of the crime. OCGA §§ 16-6-4; 17-3-1 (c). A prosecution commences with the return of an indictment, not with the onset of trial. *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975). See also *McLamb v. State*, 176 Ga. App. 727 (337 SE2d 360) (1985). " 'The date of the offense need not be proved with preciseness, but only that it occurred during the period of limitation. [Cit.] It may be established by circumstantial evidence. [Cit.]' [Cit.]" *McLamb v. State*, supra at 727-728. The indictment in the case at bar was returned on May 28, 1985. Our review of the record shows sufficient evidence, including testimony by both the victim and her younger brother, to authorize a finding that appellant committed several acts of child molestation against the victim, some within one or two years of the date of the indictment. There was no error in denying appellant's motion for directed verdict of acquittal. *McLamb v. State*, supra.

2. Appellant enumerates the denial of his motion for directed verdict of acquittal on the charge of incest, urging that the evidence adduced at trial was insufficient to support a conviction of that crime. However, our review of the record shows sufficient evidence, including out-of-court statements of the victim admissible under *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), to authorize the jury to find appellant guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Wynne v. State*, 139 Ga. App. 355 (1) (228 SE2d 378) (1976).

*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1986.

*John V. Harper*, for appellant.
*John R. Parks, District Attorney*, for appellee.