## A89A2167. SINGLETARY v. THE STATE.
(390 SE2d 611)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of sale of cocaine. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Cross-examination of the undercover agent who made the purchase from appellant established that, on two other occasions, he had attempted to buy cocaine at the same location where he made contact with appellant. The agent was then asked whether the same confidential informant had been used on those occasions. The trial court sustained the State's objection to the question on the ground that the agent's answer might tend to disclose the informant's identity. This ruling is enumerated as an erroneous denial of appellant's right to a thorough and sifting cross-examination.

"We find no error in the trial court's refusal to allow defense counsel to cross-examine [the undercover agent] as to [whether] . . . the [same] informant assisted the [agent in two other cases,] in order to protect the informant's identity. [Cits.]" *Butler v. State*, 185 Ga. App. 478, 480 (1) (364 SE2d 612) (1988). See also *Deuser v. State*, 138 Ga. App. 211 (1) (225 SE2d 758) (1976).

2. At one point during appellant's cross-examination, his counsel objected to the State's "line of questioning" on the ground that he did not "see any relevance to this case." The trial court's failure to sustain this objection is enumerated as error.

Appellant's objection presents nothing for appellate review. "It has been repeatedly held by the Supreme Court and this court that an objection that evidence is irrelevant and immaterial is insufficient to show reversible error. [Cits.]" *Brown v. State*, 122 Ga. App. 59 (176 SE2d 240) (1970).

3. Appellant enumerates the general grounds, urging that he did not sell the cocaine, but merely obtained it and turned it over to the agent at no profit to himself. "The theory that one may act as a conduit or procuring agent of the purchaser and thus escape culpability as a seller has been considered and rejected by this court. [Cits.] From our review of the evidence, we find that a rational trier of fact could reasonably have found proof of [appellant's] guilt beyond a reasonable doubt." *Diana v. State*, 164 Ga. App. 779, 780 (1) (298 SE2d 281) (1982). See also *Royal v. State*, 158 Ga. App. 405, 406 (3) (280 SE2d 427) (1981).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 18, 1990.

*Michael L. Bankston*, for appellant.

*J. Brown Moseley, District Attorney, Robert G. Dunn, Assistant District Attorney*, for appellee.