A90A1749. BARTON v. THE STATE.
(405 SE2d 92)

POPE, Judge.

Defendant Thomas Glenn Barton was convicted of aggravated sodomy and appeals. We affirm.

1. In his first three enumerations of error defendant challenges the sufficiency of the evidence and the denial of his motions for directed verdict on the basis that the statute of limitation had run prior to his indictment.

Pursuant to OCGA § 16-6-2 (b) a person convicted of aggravated sodomy "shall be punished by imprisonment for life or by imprisonment for not less than one nor more than 20 years." OCGA § 17-3-1 (b) provides, inter alia, that prosecution for crimes punishable by life imprisonment must be commenced within seven years after the commission of the crime. The defendant here was indicted on June 21, 1989; thus in order to be within the applicable limitation period the crime charged must have occurred within seven years of that date.

The victim in this case, who was born on July 24, 1973, testified that the defendant began kissing her when she was seven years old, fondling her and touching her genitals when she was seven or eight years old and inserting his penis in her rectum when she was eight or nine years old. The victim further testified this activity ceased when she was around ten years old. Although the victim testified on cross-examination that she was not certain when the crime last occurred, she reiterated her belief that she was around nine or ten years old at that time. In her statement to investigating authorities, which was admitted at trial, the victim stated the defendant stopped sodomizing her when she was "about nine." The victim celebrated her ninth birthday on July 24, 1982. "The date of the offense need not be proved with preciseness, but only that it occurred during the period

of limitation." (Citations and punctuation omitted.) *Peavy v. State*, 179 Ga. App. 397 (1) (346 SE2d 584) (1986). We find the evidence here, including the testimony of the victim, was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that the crime for which defendant was convicted occurred within the applicable statute of limitation. See *Peavy v. State*, supra. See generally *Hodges v. State*, 194 Ga. App. 837 (1) (392 SE2d 262) (1990); *Johns v. State*, 181 Ga. App. 510 (1) (352 SE2d 826) (1987).

2. In his fourth and fifth enumerations of error defendant objects to the admission of certain testimony on the basis that it was irrelevant, immaterial and prejudicial. " 'It has been repeatedly held by the Supreme Court and this court that an objection that evidence is irrelevant and immaterial is insufficient to show reversible error. (Cits.)' [Cit.]" *Singletary v. State*, 194 Ga. App. 266 (2) (390 SE2d 611) (1990). Accord *Brinson v. State*, 191 Ga. App. 151 (2) (381 SE2d 292) (1989).

3. Lastly defendant contends the trial court erred in allowing the admission of the victim's statement because the "State . . . failed and refused to furnish the document to [defendant] prior to trial in response to his motion in conformity with OCGA § 17-7-211 and *Brady v. Maryland*, [373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)]." However, contrary to defendant's assertion, no such motion is contained in the record on appeal. "We will not presume error from a silent record. The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief." (Punctuation and citation omitted.) *Blane v. State*, 195 Ga. App. 504, 505 (2) (393 SE2d 759) (1990). Accord *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988). Moreover, we need not consider defendant's argument that admission of the statement constitutes impermissible bolstering as " 'an enumeration (of error) may not be enlarged by the brief on appeal to cover a ground not contained in the enumeration. (Cit.)' [Cit.]" *Scott v. State*, 193 Ga. App. 577, 579 (3) (388 SE2d 416) (1989). The argument is meritless, anyway. *Kelly v. State*, 197 Ga. App. 811 (2) (399 SE2d 568) (1990).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 14, 1991 —
REHEARING DENIED MARCH 28, 1991 —

*William V. Hall, Jr.*, for appellant.
*Thomas C. Lawler III, District Attorney, Donald L. Johstono, Jr., Debra K. Turner, Assistant District Attorneys*, for appellee.