A92A0293, A92A0294. CALLAHAN et al. v. THE STATE (two cases).

(418 SE2d 157)

McMurray, Presiding Judge.

Defendants Daniel Claude Callahan, Sr. and Cheryl Morris Callahan were charged jointly in a multi-count indictment with four counts of child molestation (Counts 1 through 4), aggravated sexual battery (Count 5), rape (Count 6), statutory rape (Count 7), two counts of aggravated child molestation (Counts 8 and 11) and two counts of aggravated sodomy (Counts 9 and 10). Defendant Cheryl Morris Callahan was charged in separate counts of the indictment with aggravated child molestation (Count 12) and aggravated sodomy (Count 13). Defendant Daniel Claude Callahan, Sr. was charged in separate counts with child molestation (Count 14), two counts of aggravated child molestation (Counts 15 and 17), two counts of aggravated sodomy (Counts 16 and 18), rape (Count 19), statutory rape (Count 20) and possession of a firearm by a convicted felon (Count 21). Defendants were tried jointly before a jury and found guilty on Counts 1 through 20. Defendant Cheryl Morris Callahan was sentenced on Counts 1 through 13 and defendant Daniel Claude Callahan, Sr. was sentenced on Counts 1 through 11 and Counts 14 through 20. (The trial court later granted the State's motion to nolle prosequi Count 21 of the indictment.) These appeals followed the denial of defendants' separate motions for new trial. Defendant Cheryl Morris Callahan appeals in Case No. A92A0293 and defendant Daniel Claude Callahan, Sr. appeals in Case No. A92A0294. *Held*:

*Case No. A92A0293*

1. Defendant Cheryl Morris Callahan first contends the trial court's sentence is erroneous, arguing that Counts 6 and 7 involve the same transaction; that Counts 8 and 9 involve the same transaction; that Counts 10 and 11 involve the same transaction and that Counts 12 and 13 involve the same transaction.

The State does not challenge this enumeration and the record shows that the above counts of the indictment involve lesser and greater offenses of the same criminal conduct. Consequently, the trial court erred in sentencing defendant Cheryl Morris Callahan separately on Counts 6 and 7, Counts 8 and 9, Counts 10 and 11 and Counts 12 and 13. The case must therefore be remanded for resentencing. See *Bowens v. State*, 171 Ga. App. 364, 365 (1) (320 SE2d 189).

2. Defendant Cheryl Morris Callahan contends in her second enumeration that the trial court erred in charging the jury on aggravated sodomy. However, there was no exception to the court's charge nor

was there a reservation of the right to except when the trial court asked for exceptions. Consequently, this enumeration presents nothing for review. *Harmon v. State*, 259 Ga. 846, 848 (3) (388 SE2d 689).

3. In her last enumeration of error, defendant Cheryl Morris Callahan challenges the sufficiency of the evidence with regard to her convictions for aggravated sodomy, arguing that she did not forcefully require her 13-year-old daughter to commit the separate acts of sodomy as alleged in Counts 9, 10 and 13 of the indictment. This contention is without merit.

"Sexual acts directed to children are, in law, forcible and against the will. See *Cooper v. State*, 256 Ga. 234 (347 SE2d 553) (1987)." *Richardson v. State*, 256 Ga. 746, (2), 747 (353 SE2d 342). Further, evidence of a victim's lack of resistance induced by fear authorizes a finding of force. *Drake v. State*, 239 Ga. 232, 235 (2) (236 SE2d 748). In the case sub judice, defendants acted in concert, compelling defendant Cheryl Morris Callahan's 13-year-old daughter to submit to and perform the acts of sodomy as alleged in Counts 9, 10 and 13 of the indictment. This evidence and evidence that the victim feared defendant Daniel Claude Callahan, Sr. is sufficient to authorize the jury's finding that defendant Cheryl Morris Callahan is guilty, beyond a reasonable doubt, of aggravated sodomy by forcefully inducing the victim to endure the acts of sodomy alleged in Counts 9, 10 and 13 of the indictment. *Jackson v. Virginia*, 443, U. S. 307 (99 SC 2781, 61 LE2d 560).

## Case No. A92A0294

4. In his first enumeration of error, defendant Daniel Claude Callahan, Sr. contends the trial court erred in admitting evidence of a handgun, ammunition, pornographic literature and other sexually related material that were discovered in defendants' bedroom. This enumeration provides no basis for a new trial.

At trial, defendant complained that the above evidence is irrelevant and that it would only serve to inflame the jury. " ' "It has been repeatedly held by the Supreme Court and this court that an objection that evidence is irrelevant and immaterial is insufficient to show reversible error. (Cits.)" (Cit.)' *Singletary v. State*, 194 Ga. App. 266 (2) (390 SE2d 611) (1990). Accord *Brinson v. State*, 191 Ga. App. 151 (2) (381 SE2d 292) (1989)." *Barton v. State*, 199 Ga. App. 363, 364 (2) (405 SE2d 92).

5. Defendant Daniel Claude Callahan, Sr. contends in his second enumeration that the trial court's sentence is erroneous, arguing that Counts 6 and 7 involve the same transaction; that Count 8 and 9 involve the same transaction; that Counts 10 and 11 involve the same transaction; that Counts 15 and 16 involve the same transaction; that

Counts 17 and 18 involve the same transaction and that Counts 19 and 20 involve the same transaction.

The State does not challenge this enumeration and it appears from the record that the above counts of the indictment involve lesser and greater offenses arising from the same criminal conduct. Consequently, the trial court erred in sentencing defendant Daniel Claude Callahan, Sr. separately on Counts 6 and 7, Counts 8 and 9, Counts 10 and 11, Counts 15 and 16, Counts 17 and 18 and Counts 19 and 20. The case must therefore be remanded for resentencing. See *Bowens v. State*, 171 Ga. App. 364, 365 (1), supra.

6. In his last enumeration, defendant Daniel Claude Callahan, Sr. asserts the general grounds with regard to his convictions for aggravated sodomy and rape, arguing there is insufficient evidence that he forcefully raped and sodomized the victim. In this vein, defendant Daniel Claude Callahan, Sr. challenges the evidentiary basis of the trial court's charge that "[f]orce may also be inferred by evidence of intimidation arising from familial relationship," arguing that he was not married to defendant Cheryl Morris Callahan at the time of the alleged acts of aggravated sodomy and rape. This enumeration is without merit.

The evidence shows that the victim's mother and defendant Daniel Claude Callahan, Sr. were residing with the victim in the same household at the time of the alleged acts of aggravated sodomy and rape. This evidence and evidence that defendants acted in concert in order to compel the victim to endure acts of sodomy and rape authorized the trial court's charge that "[f]orce may also be inferred by evidence of intimidation arising from familial relationship." Further, the evidence authorizing this charge and evidence that the victim feared defendant Daniel Claude Callahan, Sr. was sufficient to authorize the jury's finding that defendant Daniel Claude Callahan, Sr. is guilty, beyond a reasonable doubt, of aggravated sodomy and rape as alleged in Counts 16, 18 and 19 of the indictment, i.e., that defendant Daniel Claude Callahan, Sr. forcefully induced the victim to endure acts of sodomy and intercourse against the victim's will. *Jackson v. Virginia*, supra. See *Richardson v. State*, 256 Ga. 746 (2), supra.

*Judgment affirmed in Case No. A92A0293 and case remanded for resentencing on Counts 6, 7, 8, 9, 10, 11, 12 and 13. Judgment affirmed in Case No. A92A0294 and case remanded for resentencing on Counts 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19 and 20. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 10, 1992.

*Walter J. Clarke*, for appellant (case no. A92A0293).

*James R. Van Meerten*, for appellant (case no. A92A0294).
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.