William M. Green, Jr., *pro se.*

A93A0653. HOOD v. THE STATE.
(433 SE2d 699)

SMITH, Judge.

Elbert Hood, Jr. appeals from his convictions on two counts of selling cocaine, and he enumerates only the general grounds.

As to the first count, Eugene Johnson, an 11-year police veteran, testified that Hood sold cocaine to him. Johnson testified that he had seen Hood at least four times before completing the sale, and also made a fifth contact after the sale. The evidence satisfies the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Baker v. State*, 206 Ga. App. 18 (424 SE2d 324) (1992).

Regarding the second count, undercover "agent" Ira Bostic, who was not a regular police officer, testified that he had already known Hood for nine or ten years when he purchased cocaine from him. According to Bostic, when he asked Hood if he had anything, Hood said no. Hood then asked one Duron Powell if he had what Bostic wanted. Bostic handed the money to Hood, who handed it to Powell, who handed the substance later identified as cocaine to Hood, who handed it to Bostic, completing the transaction.

Hood submitted a tape recording of a telephone conversation between Bostic and himself, taken after Hood was charged, in which the agent appears to be agreeing that Powell sold the cocaine, and that Hood merely passed money between them. Bostic explained during redirect that he generally went along with what Hood said during that conversation in order to "cover himself."

A reasonable jury could have surmised that Bostic, a local citizen who had also bought drugs from other persons in the area as a paid agent of local police, had every reason to refrain from debating Hood's version of the story as related over the telephone. Viewed in a light most favorable to the verdict, the recording consisted of nothing more than self-serving, out-of-court declarations made by Hood to a person who, although apparently agreeing with Hood, was under a certain degree of duress at the time. The recording is far from conclusive evidence demanding a legal conclusion that someone other than Hood made the actual sale to Bostic. Moreover, the theory that one may act as a conduit or procuring agent of the purchaser and thereby escape culpability as a seller has been considered and rejected by this court. See *Singletary v. State*, 194 Ga. App. 266 (3) (390 SE2d 611) (1990). The evidence as to Count 2 also meets the standard of *Jackson v. Virginia*, supra. *Moss v. State*, 206 Ga. App. 310, 311-312 (4) (425 SE2d 386) (1992).

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 12, 1993.

*E. Allen Smith,* for appellant.
*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney,* for appellee.