## A93A1368. FARLEY v. THE STATE.
(436 SE2d 770)

COOPER, Judge.

Dwayne Farley was tried before a jury and found guilty of selling cocaine, in violation of OCGA § 16-13-30 (b). He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt. In his sole enumeration of error, appellant urges the general grounds, arguing that the verdict is based upon the uncorroborated testimony of an accomplice. OCGA § 24-4-8.

On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849) (1988); *Blackshear v. State*, 199 Ga. App. 839 (1) (406 SE2d 269) (1991). The accomplice, Brown, pled guilty and testified for the State that, while appellant dealt in cocaine, he refused to sell cocaine directly to anyone and that he stored his drugs away from the house he shared with Brown. Brown arranged to meet appellant to buy one gram of cocaine for $100. In the company of Deputy Spence and one other, Brown went into the house and came out with appellant. Appellant drove off in his car and returned shortly. Brown placed $100 on the trunk of the car which appellant pocketed. Brown then reached into appellant's car and retrieved a small package of white powder. This substance was identified by a chemist as cocaine.

Appellant's reliance upon OCGA § 24-4-8 is misplaced, for Spence corroborated Brown's version of events, including appellant's participation. "Where two witnesses swear to the same state of facts, the fact that they are accomplices or are not accomplices, or that one is an accomplice and the other not an accomplice" does not render the evidence insufficient to establish the facts so sworn to as uncorroborated under OCGA § 24-4-8. *Wilson v. State*, 51 Ga. App. 570 (1) (181 SE 134) (1935). "[T]he theory that one may [use] a conduit or . . . agent . . . and thereby escape culpability as a seller has been considered and rejected by this court. [Cit.]" *Hood v. State*, 209 Ga. App. 383 (433 SE2d 699) (1993). A rational trier of fact could reasonably have found from the evidence adduced below proof of appellant's guilt of selling cocaine beyond a reasonable doubt. *Brundage v. State*, 208 Ga. App. 58 (1) (430 SE2d 173) (1993).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 19, 1993.

*Meadows & Associates, Warren R. Power*, for appellant.

*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant District Attorney*, for appellee.