A96A0315. GAY v. THE STATE.
A96A0842. ROGERS v. THE STATE.
(471 SE2d 49)

MCMURRAY, Presiding Judge.

Defendant Dean Rogers was charged in an indictment with seven counts of violating the Georgia Controlled Substances Act. Counts 1 through 6 alleged the sale of cocaine while Count 7 alleged that defendant did "knowingly sell a non-controlled substance, to wit: chunky material, having the nature and appearance of crack cocaine, with the express representation to an undercover police officer that said non-controlled substance was a narcotic, controlled substance, to wit: crack cocaine." In Counts 2 and 3, defendant Virgil Gay, Jr. was jointly indicted with Dean Rogers for the sale of cocaine.

The evidence presented at their joint jury trial included videotapes of four of the sales, as well as the testimony of David L. Sullivan, the special agent with the Tri-Circuit Drug Task Force, stationed in Claxton, Georgia, who made all seven of the purchases at issue. Special Agent Sullivan testified that, "[s]even times . . ." he purchased what he felt was cocaine from Dean Rogers. On two of those occasions, Virgil Gay, Jr. was present and involved. Specifically, at approximately 4:18 p.m. on December 29, 1992, Special Agent Sullivan "observed the defendant, Mr. Gay, standing at [the] intersection . . ." of Williams and Clark streets in Reidsville, Georgia. Special Agent Sullivan "pulled up and stopped and the defendant [Virgil Gay, Jr.] asked me what I needed and I told him a rock. He asked . . . how many rocks. [Special Agent Sullivan] said, 'Just one.' At this point, defendant never actually walked all the way . . . [into] the view of the camera, which was shining out the driver's side window. . . . [Defendant Gay] walked back to the stop sign, . . . and he motioned for another individual to come to him. At this point, [Special Agent Sullivan] observed the other defendant Dean Rogers, run from the area of the BP Station down the road. [Special Agent Sullivan] observed the two defendants converse for a short time, both of which had their backs turned to [him]. [He] could not see their hand movements." Dean Rogers shortly approached Special Agent Sullivan's car and "produced one white rock-like substance, which he handed to [Special Agent Sullivan, . . . who] gave [Dean Rogers] $20.00 of Task Force funds. . . ." This substance "tested positive for cocaine. . . ." At 5:22 p.m. that same afternoon, Special Agent Sullivan returned to the "BP Station off of Highway 23 on John E. Clark Drive and was flagged down by the defendant Dean Rogers, [from whom Special Agent Sullivan] purchased $40.00 worth of crack cocaine, or suspected crack cocaine." This also "tested positive being cocaine."

On Wednesday, December 30, 1992, at 4:05 p.m., Special Agent

Sullivan observed the defendants, Dean Rogers and Virgil Gay, Jr., riding in a small blue, Chevrolet Chevette. Dean Rogers exited from the driver's side and flagged down Special Agent Sullivan, who told Dean Rogers he "needed to get a 40." Defendant Virgil Gay, Jr. exited the car and inquired: " 'What does he want?' And as Dean Rogers walks to him he [(Rogers)] says, 'A 40.' . . . Virgil Gay, Jr. remove[d] a blue stocking cap, . . . reach[ed] into this hat and remove[d] a white rock-like substance. In turn, he [gave] that white rock-like substance to Dean Rogers, who immediately [turned to Special Agent Sullivan] and walk[ed] right back and [put] it in [Special Agent Sullivan's] hand." This substance "tested positive being cocaine."

On January 12, 1993, Special Agent Sullivan again purchased $20 worth of crack cocaine from Dean Rogers. Dean Rogers asked Special Agent Sullivan to deal exclusively with him, advising Special Agent Sullivan, " 'Look for the guy with the black rim hat and no teeth.' And [Dean Rogers] showed [Special Agent Sullivan] that his teeth were missing." On January 14, 1993, he again purchased $40 worth of crack cocaine from Dean Rogers. On February 8, 1993, Special Agent Sullivan purchased "two small, rock-like substances . . ." produced by Dean Rogers, which tested positive for cocaine. On February 17, 1993, at approximately 8:52 p.m., Dean Rogers approached Special Agent Sullivan's vehicle and "produced two small, rock-like substances. . . . [H]e put one in [Special Agent Sullivan's] hand[.] . . . [Special Agent Sullivan] said, 'That's . . . too small. You can do better than that. You got anything bigger?' And [Dean Rogers] said, 'Here,' and he placed another in [Special Agent Sullivan's] hand. [Special Agent Sullivan] viewed these substances for a short time. The tint on the substance was a little darker than what [Dean Rogers] normally sold . . ." to Special Agent Sullivan. Since Dean Rogers "had never sold [him] anything that wasn't real, [Special Agent Sullivan] bought it with $20.00 of Task Force funds." But when Special Agent Sullivan field-tested this purchase, "it tested negative."

The jury found them guilty as charged on all counts. In Case No. A96A0315, Virgil Gay, Jr. appeals from the denial of his motion for new trial. In Case No. A96A0842, Dean Rogers appeals from the denial of his motion for new trial. The two cases are hereby consolidated for disposition on appeal. *Held*:

### Case No. A96A0315

1. In two related enumerations of error, defendant Virgil Gay, Jr. urges the general grounds.

(a) With respect to Count 2, Virgil Gay, Jr. argues there was no evidence that he "performed any act which facilitated or furthered the transaction. . . ." This contention is without merit.

Evidence that on December 29, 1992, Virgil Gay, Jr. approached Special Agent Sullivan, asked what he wanted, and then introduced Special Agent Sullivan to Dean Rogers, who actually passed the contraband and collected the money is sufficient proof that defendant is guilty, beyond a reasonable doubt, as a party to the crime of selling cocaine as alleged. OCGA § 16-2-20 (a) and (b) (3). "[T]he theory that one may act as a conduit or procuring agent of the purchaser and thereby escape culpability as a seller has been considered and rejected by this [C]ourt. See *Singletary v. State*, 194 Ga. App. 266 (3) (390 SE2d 611) (1990). The evidence as to Count 2 [in the case sub judice] meets the standard of *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560)]. *Moss v. State*, 206 Ga. App. 310, 311-312 (4) (425 SE2d 386) (1992)." *Hood v. State*, 209 Ga. App. 383 (433 SE2d 699).

(b) Next, Virgil Gay, Jr. contends that Special Agent Sullivan's "testimony alone was insufficient . . ." with respect to Count 3. We do not agree.

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Special Agent Sullivan's testimony revealed that, after Dean Rogers approached the officer's vehicle, Virgil Gay, Jr. inquired what Special Agent Sullivan wanted and then produced crack cocaine from the recesses of the hat defendant was wearing. The theory that one may *use* a conduit or agent and thereby escape culpability as a seller has been considered and rejected by this Court. *Farley v. State*, 210 Ga. App. 580 (436 SE2d 770). The evidence in the case sub judice is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that Virgil Gay, Jr. is guilty, beyond a reasonable doubt, of selling crack cocaine as alleged in Count 3 of the indictment.

## Case No. A96A0842

2. With respect to defendant Dean Rogers, he concedes in his brief that "[f]our of the seven transactions were videotaped, and [these tapes] were shown to the jury." He argues that, since the State "failed to produce video tape evidence of all the transactions in which [Dean Rogers] was accused of selling controlled and non-controlled substances to the undercover agent . . . the evidence is insufficient to support a conviction on all counts of the indictment."

Special Agent Sullivan itemized for the jury the five separate instances when Dean Rogers sold Special Agent Sullivan crack cocaine or else what defendant represented was cocaine. "The in-court identification of [defendant Dean Rogers] as the seller of [that] crack cocaine [or a non-controlled substitute for crack cocaine] was

sufficient to authorize a rational trier of fact reasonably to find proof of his guilt beyond a reasonable doubt [as to each instance alleged in the indictment]. *Hill v. State*, 205 Ga. App. 475, 476 (1) (422 SE2d 564) (1992)." *Rauls v. State*, 209 Ga. App. 101, 102 (3) (432 SE2d 677). The absence of videotaped corroboration does not deprive Special Agent Sullivan's testimony of its probative value. The enumeration of the general grounds is without merit.

*Judgments affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996.

*Joel E. Williams, Jr.,* for appellant (case no. A96A0315).
*Hal T. Peel,* for appellant (case no. A96A0842).
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney,* for appellee.