A97A2267. GANTT v. THE STATE.
(493 SE2d 608)

McMURRAY, Presiding Judge.
Defendant was tried before a jury and found guilty of a single count of violating the Georgia Controlled Substances Act, by selling cocaine. The evidence adduced at trial revealed that Special Agent David McIlwraith and Special Agent Eleanor Starnes of the Georgia Bureau of Investigation identified defendant as the supplier of crack cocaine during a sale that took place on September 22, 1992, in Eatonton, Putnam County, Georgia. The agents "were in [Agent Starnes'] vehicle. [Agent] McIlwraith was driving. And [they] approached — [they] were right there on Maple in front of the B & G Lounge and, at that time, [defendant] and [another man, Jerry Burke,] approached the vehicle. . . . Mr. Burke . . . asked [Agent

Starnes] how many or what [Agent Starnes] was looking for and [Agent Starnes] responded forty dollars — forty, meaning forty dollars worth of crack cocaine. And this [was] all in a matter of seconds. Mr. Burke turned to [defendant], who had in his hands, the suspected . . . crack cocaine — and took it from [defendant] and immediately turned to [Agent Starnes] [who crossed her] hand in front of [Agent] McIlwraith who was driving, and he put the dope or the suspected crack cocaine in [Agent Starnes'] hand, at which time, [Agent Starnes] gave Mr. Burke forty dollars." Shawn Davis, a forensic chemist at the Georgia Bureau of Investigation State Crime Laboratory in Macon, Georgia, identified State's Exhibit 1 as three small pieces of an off-white chunky material, containing cocaine.

Defendant's motion for new trial, filed on June 11, 1993, by defendant's trial counsel, was denied in an order entered April 29, 1997. This appeal followed. *Held*:

1. Defendant first contends the trial court erred in allowing the State to play a videotape of the transaction "because the State had not sufficiently laid a proper foundation for such evidence and never tendered the videotape to be admitted as evidence."

Special Agent Starnes identified the tape, confirmed that the video camera was in working order and that she was familiar with its operation, and further confirmed that the video is "a true and accurate representation of what it purports to show." Before the tape was played, the trial court directly asked whether there were any questions about the tape, to which inquiry defense counsel stated, "No, sir, we don't have any questions about the video." After the tape was played, defendant took the stand and confirmed that he was in the videotape.

In our view, Agent Starnes laid a sufficient foundation for the admission of the video under the guidelines of *Allen v. State*, 146 Ga. App. 815, 816 (2), 817 (247 SE2d 540). As for the failure of the State to introduce the videotape *itself* into evidence, defendant failed to make any contemporaneous objection. Consequently, any valid evidentiary objection was waived. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1), 270 (476 SE2d 722).

2. Defendant's third enumeration of error urges the general grounds, arguing the evidence of identity is insufficient and there is no proof that the substance defendant handed to Mr. Burke was cocaine.

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Special Agent Starnes' testimony is sufficient to establish the link in possession from defendant to Shawn Davis, the forensic chemist, who analyzed the substance as cocaine. Special Agent McIlwraith's in-court identification of defendant is also sufficient. Moreover, defendant admitted being at the

scene. It is only the extent of his involvement that is disputed. "The theory that one may use a conduit or agent and thereby escape culpability as a seller has been considered and rejected by this Court. *Farley v. State*, 210 Ga. App. 580 (436 SE2d 770). The evidence in the case sub judice is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 [(99 SC 2781, 61 LE2d 560)] to authorize the jury's verdict that [defendant] is guilty, beyond a reasonable doubt, of selling cocaine as alleged in . . . the indictment." (Emphasis omitted.) *Gay v. State*, 221 Ga. App. 263, 264 (1), 265 (1) (b) (471 SE2d 49).

3. In his second enumeration, defendant contends his trial counsel was ineffective. For aught that appears of record, however, this issue was never presented to the trial court for determination, either by an amended motion for new trial or in an application for an out-of-time appeal in order to make an out-of-time motion for new trial on this special ground. See, e.g., *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653). By proceeding directly with this appeal without pursuing an evidentiary hearing on trial counsel's alleged ineffectiveness, we conclude the issue has been procedurally defaulted and presents nothing for review. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

Decided November 5, 1997.

*Lawrence, Ford & Ridgway, Hugh D. Ridgway III*, for appellant.
*Fredric D. Bright, District Attorney, Richard M. Gailey, Jr., Assistant District Attorney*, for appellee.