## A98A1360. GILMER v. THE STATE.
### (506 SE2d 452)

Judge Harold R. Banke.

A jury convicted Clarence Gilmer of rape, statutory rape, incest and child molestation of his daughter over a period of years. The trial court sentenced him to serve 20 years concurrently on each count. Gilmer enumerates four errors. *Held*:

1. Gilmer contends that he was entitled to a directed verdict of acquittal based upon the State's failure to prove venue beyond a reasonable doubt. The evidence was not in conflict on this issue. See *Joiner v. State*, 231 Ga. App. 61, 63 (497 SE2d 642) (1998).

The victim testified that she lived with her parents, Clarence and Janice Gilmer, on Browning Road in Rockmart, Georgia, for approximately 12 years before she moved out after turning 18 years old. She also testified that her father began molesting her at the age of seven when she was living with them at the Rockmart address. This molestation progressed to sexual intercourse when the victim was 13 years old. The victim testified that all of the alleged molesta-

tion and sexual intercourse occurred in the house located on Browning Road.

OCGA § 17-2-2 (a) provides that "[c]riminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law." This Court can take judicial notice of the fact that Rockmart, Georgia, is located wholly in Polk County, Georgia, the location in which appellant was tried. See *Scott v. State*, 210 Ga. 137, 139 (5) (78 SE2d 35) (1953); *Landy v. State*, 155 Ga. App. 763 (3) (272 SE2d 735) (1980). The evidence was sufficient to establish that fact.

2. Gilmer contends that the trial court should have allowed the victim's mother to testify about previous false allegations of molestation the victim purportedly made. In *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989), the Supreme Court of Georgia mandated that the trial courts of this State "must make a 'threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists'" before admitting evidence of prior false allegations of molestation. The purpose of this procedure is to "protect the prosecutrix from unfounded allegations that she has made similar allegations in the past." Id. at 138 (1). See also *Strickland v. State*, 205 Ga. App. 473 (422 SE2d 312) (1992).

The record shows that the trial court heard a proffer of evidence from the victim's mother outside the presence of the jury as required by *Smith*. The mother testified that the victim had sexual intercourse with an uncle, who had been charged with child molestation. She also apparently believed that the victim's older brother had molested her. She testified that the victim claimed to have been "messed with" by two other uncles, her grandfather, a high school teacher and three other named men. At one point, the mother asserted that the victim claimed to have been molested by "about twenty, thirty" men, but the mother's only explanation for disbelieving the allegations was that the victim had lied so much to her in the past that she could no longer believe her. The mother admitted she had never spoken to any of the men her child accused.

"The admission of evidence is a matter resting largely within the sound discretion of the trial court, and appellate courts will not interfere absent an abuse of discretion." *Lewis v. Uselton*, 224 Ga. App. 428, 431 (8) (480 SE2d 856) (1997). We decline to find, based upon the testimony presented in this case, that the trial court abused its discretion when it precluded the victim's mother from testifying about the alleged false accusations of molestation. The mother's unsupported opinion about the victim's veracity in general cannot be used to show the reasonable probability of falsity required by the Supreme Court of Georgia in *Smith*.

Our decisions in *Strickland*, and *Hines v. State*, 221 Ga. App. 193 (470 SE2d 787) (1996), relied upon by Gilmer, are distinguishable.

The proffered witnesses testified to actual discrepancies in the victims' allegations, rather than merely speculating about their veracity in general.

3. Gilmer contends that he was entitled to a directed verdict of acquittal on the rape count because the State failed to establish the required element of force. We find no merit in this enumeration. "Force, as an element of rape, need not be proven by evidence of physical violence." *Shelton v. State*, 196 Ga. App. 163 (1) (395 SE2d 618) (1990). "[E]vidence of a victim's lack of resistance induced by fear authorizes a finding of force." *Callahan v. State*, 203 Ga. App. 898, 899 (3) (418 SE2d 157) (1992). Although the victim willingly had sexual intercourse with Gilmer from the age of 13 to 17 because he taught her it was normal, she also testified that she confronted him about the propriety of their conduct after watching a television program when she was 17 years old. When she told Gilmer that she intended to call child abuse services, he threw her up against a bathroom wall and threatened to kill her. He also told her that her mother would also kill them both if she found out. The victim continued to have sex with Gilmer after this incident until she moved out of the house after turning 18 years old.

We find this evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err when it denied Gilmer's motion for a directed verdict of acquittal on the rape charge.

4. Gilmer contends the trial court should not have admitted into evidence a photocopy of a typed statement provided by the victim's mother to the police because doing so violated the best evidence rule. See OCGA § 24-5-4 (a). The record shows that the trial court admitted the original statement into evidence without any objection by Gilmer's counsel. The contents of the statement were discussed at length during the testimony of the victim's mother. At the close of trial, the statement, along with other trial exhibits, was submitted to the jury for its consideration. When the jury returned the next day to continue its deliberations, it informed the trial court that the statement was missing. The jury also advised the trial court that it had already read and determined the importance of this exhibit before it was lost. The trial court questioned court personnel and the jury in an unsuccessful effort to locate the original statement. It then substituted for the original, over the general objection of Gilmer's counsel, a photocopy of the statement to be considered by the jury in its continued deliberations. In these circumstances, where the original statement was admitted into evidence without objection and was actually read and considered by the jury before the photocopy was substituted in its place, Gilmer failed to show how the purported

error harmed him. See *Stoe v. State*, 187 Ga. App. 171, 172 (1) (369 SE2d 793) (1988).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1998.

*Gammon & Anderson, Brad J. McFall*, for appellant.

*James R. Osborne, District Attorney, Todd C. Alley, Assistant District Attorney*, for appellee.