## S01A0633. BRUNDAGE v. THE STATE.

(548 SE2d 332)

THOMPSON, Justice.

A jury convicted Gregory Dewayne Brundage of malice murder in connection with the stabbing death of Debra Thomas.[1] On appeal from the denial of his motion for new trial, Brundage claims that he was denied effective assistance of trial counsel, and he challenges the trial court's refusal to replace a juror with an alternate based on the juror's familiarity with a witness. Finding no error, we affirm.

The victim was found stabbed to death in the living room of her home. For several months prior to that she and Brundage had been involved in a turbulent live-in relationship. In the week before her death, she sustained bruises to her neck and chest and she revealed to others that Brundage had inflicted those injuries. As a result, she made the decision to separate from Brundage and she swore out a warrant charging him with battery.

On the afternoon of the murder, Brundage accompanied the victim to her residence to assist her in moving out. About 30 minutes later, Brundage approached a friend on the next street and confessed that he had just killed the victim. During that afternoon, he also confessed his guilt to a series of friends and relatives, which led to the discovery of the victim's body. Brundage was arrested later in the day.

1. The evidence was sufficient to enable a rational trier of fact to find Brundage guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the State's case-in-chief, the prosecutor announced her intention to call James Braddock as a witness. Upon hearing Braddock's name, juror Hilliard advised the bailiff that he was acquainted with the witness because the two had been co-workers. Juror Hilliard was questioned by the court outside the presence of the other jurors. He explained that the witness had at one time worked with him at the state parole office. When asked whether he discussed the matter with any member of the jury, juror Hilliard replied that he told the juror sitting beside him that he had worked with the witness, and

---

[1] The crime took place on March 6, 1998. A true bill of indictment was returned on April 14, 1998, charging Brundage with malice murder, felony murder, and aggravated assault. Trial commenced on December 7, 1998 and on December 9, 1998, a jury found Brundage guilty of malice murder. He was sentenced on the same day to life imprisonment. A motion for new trial was filed on December 22, 1998. On May 4, 1999, new counsel entered an appearance for Brundage. On February 8, 2000, the motion for new trial was amended to include a claim of ineffective assistance of trial counsel. After an evidentiary hearing, the amended motion for new trial was denied on October 25, 2000. A notice of appeal was filed on November 22, 2000. The case was docketed in this Court on January 19, 2001, and was submitted for decision on briefs on March 12, 2001.

questioned whether he should bring the information to the attention of the court.

In seeking to have juror Hilliard replaced with an alternate, defense counsel argued that the juror may infer from his experience that Brundage was on parole, and may convey that information to the other jurors.[2] The court made a finding that juror Hilliard had not acted improperly, and it denied the motion. Juror Hilliard was told not to discuss the matter further with the other jurors.

In the absence of a showing of prejudice, the court's refusal to replace a juror with an alternate even when juror inaccuracy is shown, will not constitute an abuse of discretion. *Mosley v. State*, 257 Ga. 382 (4) (359 SE2d 653) (1987). See also *McLamb v. State*, 176 Ga. App. 727 (3) (337 SE2d 360) (1985); *Harbin v. State*, 165 Ga. App. 631 (1) (302 SE2d 386) (1983). In the present case, there was no showing that the juror withheld information nor was there any allegation of misconduct. To the contrary, the juror answered truthfully during voir dire about his work in law enforcement and he came forward as soon as he realized his familiarity with the witness.

Any contention that Brundage was harmed by the *possibility* that the juror may have tainted the jury was dispelled at the hearing on the motion for new trial. Juror Hilliard testified that although he "assumed" during trial that Brundage "was possibly on parole," that information did not color his opinion about the defendant; that he followed the court's instructions to refrain from discussing the matter with other jurors; and that Brundage's parole status was not discussed during jury deliberations. A second juror confirmed that Brundage's criminal record was not mentioned during deliberations, nor was the fact that Braddock was employed as a parole officer. Thus, the post-trial investigation showed that juror Hilliard had been fair and impartial and that the remaining jurors had not been tainted by his familiarity with witness Braddock.

Brundage's reliance on *Lively v. State*, 262 Ga. 510 (1) (421 SE2d 528) (1992), is misplaced. *Lively* concerned the inquiry a court must make when exercising its discretion to strike for cause a potential juror who has a compelling interest or bias in the case. *Mosely v. State*, 269 Ga. 17 (2) (495 SE2d 9) (1998). That issue is not now before the Court.

Based on the record, the trial court did not abuse its discretion in concluding that Brundage was not prejudiced and in denying his request for the relief sought. See *Jones v. State*, 247 Ga. 268 (2) (275

---

[2] Braddock subsequently testified that Brundage had caused the injuries to the victim in the week prior to her death, resulting in the criminal warrant against him. As directed by the prosecutor, the witness did not identify himself as a parole officer, but merely as an "employee of the State of Georgia."

SE2d 67) (1981); *McLamb*, supra; *Harbin*, supra.

3. Brundage claims that he was deprived of his right to effective assistance of trial counsel because counsel failed to object to the introduction of a photograph of the defendant wearing a tee shirt with a marijuana plant decal. As a result, Brundage asserts his character was impermissibly injected into the trial.

The photograph, taken at the time of arrest, was introduced by the State to demonstrate the absence of any injuries to the defendant, thereby precluding a claim of self-defense. Trial counsel testified at the hearing on the motion for new trial that he believed the photograph was beneficial to the defense because the jury could infer that someone other than the defendant committed the crime; moreover, he perceived no legal basis upon which to exclude the photograph.

Brundage has not demonstrated deficient performance or actual prejudice as required under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 11, 2001.

*William D. Phillips*, for appellant.

*Howard Z. Simms, District Attorney, Barbara A. Becraft, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.