### A04A1455. HEATH v. THE STATE.
(605 SE2d 427)

BARNES, Judge.

Harry Heath appeals from his rape, aggravated child molestation, and child molestation convictions, contending the trial court abused its discretion by denying him a continuance and refusing to dismiss a juror for cause. Finding no abuse of discretion by the trial court, we affirm.

1. Heath claims the trial court should have granted him a continuance after the State gave notice during argument on a pretrial motion the day his trial began that it would present evidence that the crime occurred in 1996, not 1995, as alleged in the indictment. The trial court correctly concluded that the dates in the indictment were not a material element of the crimes with which Heath was charged. See *Miller v. State*, 226 Ga. App. 509, 510 (1) (486 SE2d 911) (1997) (rape and child molestation case). "Where the date alleged in the indictment is not a material element of the offense, the State may prove the offense as of any date within the statute of limitation." (Citations and footnote omitted.) Id.

In *Caldwell v. State*, 139 Ga. App. 279 (228 SE2d 219) (1976), we recognized this general rule and held that "if defendant, relying upon an alibi defense for the time alleged in the indictment, is surprised and prejudiced by a time variance, upon his motion therefor he will be afforded sufficient time to prepare his defense to meet a new date." (Footnote omitted.) Id. at 287 (2). In this case, Heath did not assert at trial an alibi defense for the time alleged in the indictment and did not assert he needed a continuance to establish an alibi defense. As a result, we find no abuse of discretion by the trial court. See *Geckles v. State*, 177 Ga. App. 70, 73 (2) (338 SE2d 473) (1985) (trial court did not abuse discretion in denying motion for continuance in rape and aggravated sodomy case based on variance between date alleged in indictment and proof at trial). Compare *Riles v. State*, 155 Ga. App. 586 (271 SE2d 718) (1980) (trial court should have granted motion for continuance when defendant asserted alibi defense for date alleged in the indictment).

2. In his remaining enumeration of error, Heath claims the trial court should have excused a juror for cause after she revealed that she knew a witness in the trial. The record shows that the juror failed to recognize the witness from her name when she was qualified during

voir dire. When she later saw several witnesses leaving a room in the courthouse, she recognized the witness as a child who had occasionally played with her son in the neighborhood five or six years earlier. The juror told another juror that she might have a conflict because she recognized one of the witnesses, but she did not identify which witness. She informed the court that recognizing the witness would not have any bearing on her ability to be a fair and impartial juror. "No presumption of prejudice exists in these circumstances; no irregularity or impropriety is involved in this juror's conduct." *Munn v. State*, 208 Ga. App. 674 (1) (431 SE2d 447) (1993). Under these circumstances, the trial court did not abuse its discretion by denying Heath's request to excuse the juror for cause. *Brundage v. State*, 273 Ga. 900, 901 (2) (548 SE2d 332) (2001); *McLamb v. State*, 176 Ga. App. 727, 729 (3) (337 SE2d 360) (1985).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 4, 2004.

*Charita H. Demps*, for appellant.
*James R. Osborne, District Attorney, Theo M. Sereebutra, Assistant District Attorney*, for appellee.